CHARLES F. CROWELL vs. ATTORNEY GENERAL. January 30, 1975. In his appeal from the order denying his petition for a writ of mandamus, brought for the purpose of challenging the validity of an amendment to the zoning by-law of the town of Dennis, the petitioner's sole contention is that the selectmen of the town had no power to call the spe-

cial town meeting at which the amendment was adopted or to include an article concerning the proposed amendment in the warrant for any town meeting because of the absence of a request therefor by the number of registered voters prescribed by the sixth or by the seventh sentence of G. L. c. 39, § 10 (as amended through St. 1964, c. 1, § 1), and that the action of the town meeting was therefore invalid. We do not pause to consider the propriety of the remedy sought by the petitioner, as we think it clear from the first sentence of § 10 that a board of selectmen has the power to call a special town meeting and to insert articles in its warrant on their own initiative and that the sixth and seventh sentences of that section do no more than require selectmen to exercise those powers when requested to do so by the specified numbers of voters. See *Walsworth* v. *Casassa,* 219 Mass. 200, 204-205 (1914); Tilden, Town Government, 38 B. U. L. Rev. 347, 349 (1958); Johnson & others, Town Meeting Time, § 4, at 12-13 (1962).

*Order denying petition affirmed.*

*Charles F. Crowell,* pro se.

*Howard Whitehead,* Deputy Assistant Attorney General (*Walter H. Mayo, III,* Assistant Attorney General, with him) for the Attorney General.