INHABITANTS OF WAREHAM *vs.* INHABITANTS OF MILFORD.

A man is not prevented from gaining a settlement under the Gen. Sts. *c.* 69, § 1, *cl.* 12, in a town in which he has lived for ten years together under a fictitious name, and paid poll and other taxes assessed on him under that name for five years within said time, by the fact that he has deserted his wife and children meanwhile in the town where he was formerly settled, and its officers have in one year of the ten given her some aid without his knowledge or ever calling on him for payment.

CONTRACT to recover money paid by the plaintiffs for the support of Davis Dunham as a pauper in their almshouse from April 24, 1868, to April 24, 1869. At the trial in the superior court, before *Scudder*, J., the only issue was whether the pauper had his settlement with the defendants; and the case was reported as follows:

"It was agreed by the parties that the pauper was born in Wareham, February 3, 1822, and was an illegitimate child of a woman who had her settlement in Wareham. He lived in Wareham until he was from seventeen to twenty years old, and then went to Fall River to reside. On January 30, 1844, he there married Ann M. Lake, of Fall River, and lived with her there, and had four children there, three of whom are now living; and said wife and children live now in Fall River, and have always lived there. From the time he went to Fall River until July 1854, he made that place his home. He was taxed in Fall River for state, county and town taxes for the years 1841 to 1855 inclusive, except 1842, 1845, 1851 and 1854. He paid all the taxes assessed upon him in Fall River for the years 1843, 1844, 1846, 1847, 1848, 1849, 1850 and 1852. In July 1854, he abandoned his wife and children, and went to Milford to reside, where he assumed the name of Samuel Davis; and he was never known in Milford by any other name, except that in August 1866 the chairman of the overseers of the poor of Milford ascertained that his former name was Davis Dunham. He was assessed on his poll and estate by the assessors of Milford, under the name of Samuel Davis, for state, county and town taxes for the years 1857, 1859 and 1860 to 1866 inclusive; and all of said taxes were paid by him to the collector of taxes of Milford. While

living in Milford, without obtaining a decree of divorce from his wife, he married another woman, Frances E. Fisher, of Milford, and lived with her as his wife for a time, and until she discovered that he had a wife living. Since he left Fall River in 1854, his wife and children continued to live in Fall River, she wholly supporting herself and children, except that in one winter, either in 1861 or in 1862, she received some aid from the public authorities of Fall River, which was furnished without his, the pauper's, knowledge, and he has never been called upon for the payment of the same. When he left Fall River and went to Milford in 1854 to reside, he changed his name to Samuel Davis with the intent and for the purpose of preventing his wife, and her folks, and persons in Fall River, from following him or knowing where he was; and during his residence in Milford his whereabouts was not known to his family or to the people of Fall River.

" The foregoing facts were agreed to by the parties; and at the trial the judge, with the assent of the parties, submitted a single question of fact to the jury as follows : ' Did Davis Dunham, the person referred to as a pauper in this case, live in the town of Milford for ten years together, between the years 1853 and 1867, with the intention of making that his residence and home; ' and after evidence put in by both parties and argument of counsel, and rulings and instructions by the judge, the jury returned a verdict in the affirmative.

" With the assent of the parties, the case is reported to the supreme judicial court; and thereupon, if in the matter of law the plaintiffs are entitled upon the foregoing facts to recover, then the defendants are to be defaulted, and judgment is to be rendered for the plaintiffs, otherwise the plaintiffs are to become nonsuit, or such other order or judgment is to be entered as justice may require."

*S. Miller & E. Ames*, for the plaintiffs, cited Gen. Sts. *c.* 69, § 1, *cl.* 12; Rev. Sts. *c.* 45, § 1, *cl.* 12; *Greene* v. *Windham*, 13 Maine, 225; *Raymond* v. *Harrison*, 2 Fairf. 190; *Hallowell* v. *Saco*, 5 Greenl. 143; *Berkeley* v. *Taunton*, 19 Pick. 480 *Taunton* v. *Middleborough*, 12 Met. 35; *Charlestown* v. *Groveland*, 15 Gray, 15; *Dixmont* v. *Biddeford*, 3 Greenl. 205 *Green* v. *Buckfield*, Ib. 136.

*H. E. Fales*, for the defendants, cited *Rex* v. *Weobley*, 2 East, 68; *Lanesborough* v. *New Ashford*, 5 Pick. 190; *Wrentham* v. *Attleborough*, 5 Mass. 430; *Hanover* v. *Turner*, 14 Mass. 227; *New Bedford* v. *Chace*, 5 Gray, 28; *Monson* v. *Williams*, 6 Gray, 416; *Southworth* v. *Smith*, 7 Cush. 391; *Williams* v. *Whiting*, 11 Mass. 424.

BY THE COURT. The pauper, Davis Dunham, gained a settlement in Milford, by residing there for ten years together, and paying taxes for five years within that time, unless it is prevented by the fact that his wife during that time received some aid from the public authorities of Fall River. It appears by the report that this aid was furnished to the wife "without his, the pauper's, knowledge, and he has never been called upon for the payment of the same."

A majority of the court are of opinion that this case is governed by *Berkeley* v. *Taunton*, 19 Pick. 480, and that aid thus furnished to his wife did not prevent his gaining a settlement in Milford. *Judgment for the plaintiffs.*