## CHARLES H. DAVIS *vs.* CHARLES H. RHOADES.

Middlesex. Jan. 17. — March 5, 1878. ENDICOTT & SOULE, JJ., absent.

A., a deputy sheriff, attached property on a writ in favor of B., and, after proper proceedings, sold it by public auction to B., to be delivered to him when paid for. The property was not paid for or delivered to B., or resold by A., within the time required by the Gen. Sts. *c.* 133, § 38, and C., another deputy sheriff, attached and took possession of it as the property of B., on a writ against him. *Held,* in an action by A. against C. for conversion of the property, that B. never had either title to or possession of the property; that C. was a mere stranger, meddling with property, of which A. had the rightful possession, and was liable to him in this action.

TORT for the conversion of a buggy and harness. Writ dated February 17, 1877. At the trial in the Superior Court, before *Wilkinson,* J., there was evidence tending to show that the plaintiff, a deputy sheriff, duly attached, on January 2, 1877, the buggy and harness, on a writ in favor of William W. Bessey against Joshua Perham, who was then the owner of the property; that on January 11, 1877, after proper proceedings, the plaintiff sold, on said writ, the property to William W. Bessey, at public auction, he being the highest bidder therefor, to be delivered to him when paid for; that the defendant, who was also a deputy sheriff, on January 27, 1877, attached and took the buggy and harness as the property of Bessey, on a writ against him, which was the conversion complained of; that the property had not, at the time of the taking by the defendant, been paid for by Bessey, nor delivered to him, nor had it been resold by the plaintiff.

The defendant contended that, as the plaintiff had neglected to resell the property within ten days, as required by the Gen. Sts. *c.* 133, § 38, he had a right to attach it as the property of Bessey, and asked the judge so to instruct the jury. The judge refused to give this instruction, directed a verdict for the plaintiff; and, at the request of the defendant, reported the case for the determination of this court, on the question whether the instruction requested should have been given.

*J. W. Pettengill,* for the defendant.

*S. K. Hamilton,* for the plaintiff.

LORD, J. It is not for the court to assume or to conjecture that there may be a state of facts, affecting the rights of parties,

which is not developed. All that is made to appear in this case is that the plaintiff at one time had the possession of, and a special property in, the buggy and harness, for the conversion of which this action is brought. There is no evidence that the plaintiff ever actually or constructively surrendered that possession. The defendant, who is a deputy sheriff, making no claim to the property as his own, claims to hold it by reason of having attached it as the property of one Bessey, on a writ against said Bessey. It does not appear that Bessey ever had any title to, or possession of, the property, but, so far as appears, the contrary is true, that he never had either title or possession. It is therefore simply the case of a stranger meddling with personal property in the possession of another, for which meddling he is responsible to the one in possession. *Judgment on the verdict.*