## LEONARD A. STEARNS *vs.* DAVID DEAN.

Bristol.   Oct. 28, 1879. — July 8, 1880.   COLT & AMES, JJ., absent.

In an action against an officer for the attachment of the plaintiff's goods on a writ against a third person, there was evidence that the officer went to a carrier, in whose custody the goods were, and told him he had come to attach the goods ; that, on the carrier refusing to deliver the goods to any one until the freight was paid, the officer went away ; that afterwards, on being told that the goods belonged to the plaintiff, he said nothing except to refer his informant to the attorney who made the writ ; and that his return on the writ stated that he had attached the goods. *Held,* that the defendant had no ground of exception to a refusal to rule that there was no evidence of an attachment.

An officer who has attached the property of one, person on a writ against another person, cannot set up, in bar of an action of trover against him by the owner, that the property when attached was in the possession of a carrier who had a lien upon it for freight.

TORT against a deputy sheriff, for the conversion of a quan tity of hay. The answer contained a general denial ; and alleged that the defendant, under a writ against George R. Carpenter, attached the hay as the property of Carpenter. Trial in the Superior Court, before *Rockwell,* J., who allowed a bill of exceptions in substance as follows :

The plaintiff introduced evidence tending to show that he shipped the hay from Boston to Carpenter, at Taunton, to be sold by the latter on the plaintiff's account ; that the hay arrived in Taunton on cars of the Old Colony Railroad Company ; and while on the cars, and after a part had been taken away by Carpenter's order, the defendant, on February 18, 1878, went to the railroad depot in Taunton, with a writ against Carpenter, saw the hay, and told the agent of the railroad company that he had come with a writ to attach it.   The agent testified that he told the defendant that the railroad claimed a lien on.the hay for freight ; and that he should not deliver the hay to any body until the freight was paid.

The hay was removed by the railroad company from the cars to their depot, and has remained there ever since.   The freight money has never been paid.

The defendant contended that the plaintiff sold the hay to Carpenter, and testified that he did not tell any person to refuse to deliver the hay ; that he did not take the hay at the

time he went to make the attachment, or undertake to remove it or order it to be removed; that he did not appoint a keeper of the hay, nor file a copy of the writ in the city clerk's office in accordance with the Gen. Sts. c. 123, § 57; that he. had not seen the hay since it was on board the cars, and had not given instructions to anybody since that time in regard to it; and that it was not stored in the depot at his request.

Carpenter testified that, on February 18, after the transaction herein related, he saw the defendant and told him the hay belonged to another person, and a week later showed him letters from the plaintiff to the effect that the hay was the plaintiff's; and that the defendant said nothing, but referred him to the attorney who gave him the writ against Carpenter.

The defendant's return in the writ against Carpenter stated that he had, on February 18, "attached as the property of the said Carpenter about eight tons of hay;" and the defendant testified that this was the hay in question.

The defendant asked the judge to rule that the plaintiff could not recover; that, if the Railroad Company had a lien on the hay for freight and was holding it under that lien, the company was the only party entitled to the immediate possession of the hay until the freight money was paid; and that the plaintiff had shown no such possession or right to the immediate possession of the hay as would entitle him to recover in this form of action.

The judge declined so to rule; and gave full instructions to the jury, which were not excepted to, as to what taking or possession would constitute an attachment by the defendant; that the defendant would not be liable, unless he had taken the hay into his possession actually or constructively by attachment; that the jury must be satisfied that the hay belonged to the plaintiff, and that he was deprived of the possession of it by the act of the defendant in attaching it, and was refused by some one acting under the authority or sanction of the defendant; and, against the objection of the defendant, further ruled that, if these facts were proved, the defendant would be liable, notwithstanding the freight had not been paid and a lien therefor was claimed by the railroad company.

The defendant also asked the judge to give the following instructions: " 1. The railroad company would have a lien upon the hay provided the freight money was not paid, and if the freight money was not paid at the time this action was brought, the plaintiff had no such possession of this hay or right to the immediate possession of it as would enable him to recover.   2. If the railroad company had a lien on this hay because the freight money had not been paid at the time the officer went to make the attachment, nothing shown to have been done by the officer in this case was such an attachment and seizure of the hay as would amount to a conversion.   3. No legal attachment of this hay could be made while the railroad company held possession of it under a lien.   4. If the defendant had no possession of the property at the time the demand of the plaintiff was made, and the hay was so situated that the plaintiff could have legally taken it, without asking the defendant, by paying the railroad company the freight due, there was no conversion, and the plaintiff cannot recover."

The judge declined so to rule ; the jury returned a verdict for the plaintiff ; and the defendant alleged exceptions.

*S. M. Thomas,* for the defendant.

*W. H. Fox,* for the plaintiff.

MORTON, J.   Under the instructions given, we must assume that the jury have properly found that the hay in question was the property of the plaintiff, and that the defendant attached it as the property of Carpenter.   The defendant contends that there was not sufficient evidence to justify the finding that he attached and assumed dominion over the hay.   This was purely a question of fact for the jury.   There was evidence that the defendant, on February 18, 1878, went to the premises of the railroad company where the hay was, and told its agent that he had come with a writ to attach it ; that when afterwards notified that the hay belonged to the plaintiff, and not to Carpenter, he did not disavow the attachment, but referred his informant to the attorney who made the writ against Carpenter ; and that, in his return of the writ against Carpenter, he stated that he had, on February 18, 1878, " attached as the property of Carpenter about eight tons of hay."   The presiding justice properly submitted this evidence to the jury, which the bill of exceptions

states he did with full instructions .not excepted to. Under these instructions, it was for the jury, upon this and such other evidence as was introduced bearing upon the question, to determine whether the defendant had attached the hay and deprived the plaintiff of his dominion over it.

The defendant also contends that the plaintiff cannot maintain this action, because at the time he attached the hay the railroad company had a lien upon it for freight, and therefore the plaintiff had not the right of possession. But an officer may attach property subject to a lien in like manner as if it were unincumbered, upon the condition that the attachment is to be dissolved and he is to restore the property to the holder if the amount for which it is liable is not paid by the attaching creditor within ten days after the same is demanded. Gen. Sts. c. 123, §§ 62, 63. The effect of such attachment is to defeat or suspend the lien, and the officer cannot set up, as a defence to the claim of the general owner of the property·taken by the attachment, that it was subject to a lien. The lien for freight is the personal privilege of the carrier; if he waives or loses it, no one can set it up against the owner. *Holly* v. *Huggeford*, 8 Pick. 73. *Ames* v. *Palmer*, 42 Maine, 197.

For the purposes of this case, it must be assumed that the defendant made an effectual attachment of the hay in question. If he has paid or became liable to pay the freight, the proper mode to avail himself of this fact was in reduction of damages, but he cannot set up the lien to defeat the right of the plaintiff, the general owner, to possession.

It follows that the Superior Court properly refused the several instructions requested by the defendant as to the effect of the lien in favor of the railroad company.

*Exceptions overruled.*