CITY OF SOMERVILLE vs. COMMONWEALTH.

Suffolk.    November 9, 1916. — January 11, 1917.

Present: RUGG, C. J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Pauper. Commonwealth. State Board of Charity. Practice, Civil, Report. · Words, "Expense."*

The expense described in St. 1902, c. 213, § 2, as amended by St. 1907, c. 386, § 2, providing in substance that no person for whose care and maintenance a city or town or the Commonwealth has incurred expense in consequence of certain diseases dangerous to the public health shall be deemed to be a pauper by reason of such expenditure, does not include aid furnished by the overseers of the poor of a municipality to the wife and family of one whom, because he was afflicted with tuberculosis, the municipality caused to be removed from his family to a camp maintained by it.

The expenditure made by a municipality for the isolation of a man afflicted with tuberculosis will not prevent the man or his wife and family from being deemed to be paupers if the overseers of the poor of the municipality, considering it for the public interest, furnish to the wife and family aid as poor persons in need thereof, St. 1902, c. 213, § 2, as amended by St. 1907, c. 386, § 2, not being applicable.

It also was *held*, that upon the record in this case it was not open to the Commonwealth to rely on the decision in *Berkeley* v. *Taunton*, 19 Pick. 480, and to contend that there was no evidence that the husband knew of the aid furnished to his wife and children.

It also was *held* that the report of the judge precluded the Commonwealth from contending that it was not liable because the aid furnished to the wife and children was not with the approval of the State board of charity required by R. L. c. 81, § 21, as amended by St. 1903, c. 355, and St. 1912, c. 331.

It *was not intimated* that the State board of charity, under the circumstances above described, could withhold such approval arbitrarily.

PETITION, filed in the Superior Court on October 25, 1915, under R. L. c. 81, § 21, as amended by St. 1903, c. 355, § 1, and by St. 1912, c. 331, § 1, for reimbursement by the Commonwealth for sums expended by the city of Somerville through its overseers of the poor for the maintenance of the wife and minor children of Michael J. Burke, who were alleged to have no lawful settlement within the Commonwealth.

R. L. c. 81, § 21, as amended by St. 1903, c. 355, and St. 1912, c. 331, so far as material to this case, is as follows: "A city or town may furnish aid to poor persons found therein, having no

lawful settlements within the Commonwealth, if the overseers of the poor consider it for the public interest; but, except in cases under the provisions of section fourteen of chapter eighty-five, not for a greater amount more than two dollars a week for each family during the months of May to September, inclusive, or three dollars a week during the other months, except as otherwise ordered by the State board of charity; and the overseers shall in every case give immediate notice in writing to the State board of charity, which shall examine the case and if it directs a discontinuance of such aid, shall remove such persons to the State hospital or to any State or place where they belong, if their necessities or the public interest requires it, and the superintendent of said hospital shall receive the persons removed thereto as if they were sent there in accordance with the provisions of section seven of chapter eighty-five. A detailed statement of expenses so incurred shall be rendered, and after approval by the State board, such expenses shall be paid by the Commonwealth."

R. L. c. 85, § 14, referred to in the statute above quoted, so far as material, is as follows: "No city or town officer shall send to the State hospital any person who is infected with smallpox or other disease dangerous to the public health, or, except as provided in section ten, any other sick person whose health would be endangered by removal; but all such persons who are liable to be maintained by the Commonwealth shall be supported during their sickness by the city or town in which they are taken sick, and notice of such sickness shall be given in writing to the State board of charity, which may examine the case and, if found expedient, order the removal of the patient. . . ."

The petition was heard by *Morton,* J., upon an agreed statement of facts. Upon the findings and for the reasons set out in the opinion, the judge found for the respondent and reported the case, on the terms there stated, for determination by this court.

The case was submitted on briefs.

*F. W. Kaan,* for the petitioner.

*H. C. Attwill,* Attorney General, & *H. W. Barnum,* Assistant Attorney General, for the Commonwealth.

CROSBY, J. This is a petition to recover for aid furnished under the provisions of R. L. c. 81, § 21, as amended by St. 1903, c. 355, § 1, and as further amended by St. 1912, c. 331, § 1, to the wife

and minor children of Michael J. Burke.  The case comes before this court on a report made by a judge of the Superior Court, who ruled that the aid furnished the wife and children did not prevent the acquiring of a settlement in Somerville by Michael J. Burke. The judge found that the wife and children acquired such settlement, and also found for the respondent.

It is recited in the report as follows:

"The question to be determined is the settlement of the wife and children.  If they derived a settlement in Somerville through Michael J. Burke, the petitioner is not entitled to recover.  If they did not derive such settlement, the petitioner is entitled to recover.

"The petitioner contends that the aid furnished them prevented Michael J. Burke from acquiring a settlement.  The respondent contends that under the provisions of St. 1907, c. 386, § 2, the aid did not prevent the acquiring of such settlement."

From the agreed statement of facts, it appears that "Michael J. Burke, mentioned in the petition, moved with his wife and minor child to Somerville, September 14, 1908.  Thereafter two other children were born.  On September 14, 1908, said Burke had no settlement in this Commonwealth.  He continued to live in Somerville thereafter, but because of his illness with tuberculosis, which is a disease dangerous to the public health, he went to the Somerville Tuberculosis Camp, which is maintained by the city of Somerville, on April 10, 1913, and remained there until July 31, 1913.  On the latter date said Burke went to the Rutland State Sanatorium for consumptives, in Rutland, Massachusetts, and remained there as an inmate until February 5, 1915, on which date he returned to the Somerville Tuberculosis Camp and remained there until April 3, 1915, on which date he returned to his home in Somerville and remained there until his death, June 12, 1915.

"Said Burke was assessed poll taxes in Somerville for the years 1909, 1910, 1911, 1912 and 1913, and paid said taxes for all of said years except 1913.  He was not assessed any other taxes of any sort whatsoever in any of said years.

"His wife, Nora Burke, and their minor children applied to the poor department of the city of Somerville for aid, which was given them first on April 14, 1913, and thereafter from time to time as set forth in the account annexed to the petition.  The sums of money charged in said account for said aid are reasonable.  The

overseers of the poor in furnishing said aid considered it for the public interest and gave immediate notice in writing thereof to the State board of charity. A detailed statement of the expenses sought to be recovered herein was duly rendered to said State board of charity, but it refused to approve and never has approved the same. Payment thereof was duly demanded and payment was refused."

From the foregoing recital, it would seem plain that Burke, having resided in Somerville for five consecutive years, and having paid all taxes assessed to him during four years of that time, acquired a settlement in that city, unless the aid furnished to his wife and children, above referred to, prevented him from acquiring such settlement. R. L. c. 80, § 1. It is equally plain that the aid furnished the wife and children in April, 1913, and before Burke had resided in Somerville for five consecutive years, prevented his acquiring a settlement there, unless it was unaffected by reason of St. 1907, c. 386, § 2. *Charlestown* v. *Groveland*, 15 Gray, 15. *Woodward* v. *Worcester*, 15 Gray, 19. *Taunton* v. *Middleborough*, 12 Met. 35.

It is the contention of the Commonwealth that by reason of the provisions of St. 1902, c. 213, § 2, as amended by St. 1907, c. 386, § 2, the furnishing of such aid did not affect or prevent the acquiring of such settlement. The statute in question is as follows: "No person for whose care and maintenance a city or town or the Commonwealth has incurred expense in consequence of smallpox, scarlet fever, diphtheria, tuberculosis, dog bite requiring anti-rabic treatment, or other disease dangerous to the public health shall be deemed to be a pauper by reason of such expenditure."

In providing for the isolation and treatment of persons afflicted with diseases dangerous to the public health, it was doubtless the primary purpose and intention of the Legislature to protect as far as possible the people at large by furnishing scientific and skilful treatment and special care to prevent the spread of such 'diseases. It probably was believed that the removal of persons suffering from a disease described in the statute from their homes and their treatment elsewhere would involve an expense which, in some cases, the persons so treated would be unable to pay. The statute in question was passed to prevent such persons so cared for and maintained from becoming paupers. The respondent contends that the statute

includes aid furnished to the wife and children of Burke, and that such aid is an expense incurred "in consequence" of tuberculosis. The question is, what was the intention of the Legislature? That intention is to be determined from the language used in the statute.

It is manifest that the aid furnished to the wife and children was not an expense primarily and directly incurred in consequence of tuberculosis. Such aid could be said to have been so furnished only by reason of the fact that Burke, upon whom rested the legal duty to support his family, had become incapacitated from providing such support because on account of the nature of his disease, he became an inmate of the Somerville Tuberculosis Camp and the Rutland State Sanatorium. If this contention can be maintained, it must also be assumed that if he had not been cared for at the camp and the sanatorium he not only would have been willing, but able to support his family. It is to be noted that the statute does not in terms include aid furnished to the family of a person who suffers from a disease described therein. The fact that ordinarily a man is under a legal as well as a moral obligation to support his wife and children, and that therefore aid to them is in a legal sense aid to him, does not indicate that the Legislature intended that the statute should include aid furnished to his wife and children under such circumstances.

We are of opinion that, under the statute, expense incurred in consequence of a disease therein described does not include aid furnished to the wife and family of one who is afflicted with such disease and for whose care and maintenance a city or town or the Commonwealth has incurred expense. *Haverhill* v. *Marlborough,* 187 Mass. 150.

If it had been the intention of the Legislature to provide that the furnishing of aid to those legally dependent upon a person for whose care expense had been incurred under the statute should not cause such person to be deemed a pauper, such intention should appear in plain and unmistakable terms. See St. 1911, c. 669, § 3, as amended by St. 1913, c. 266, § 1. This court has no authority to read into the statute language which the Legislature has not seen fit to embody therein.

The aid was furnished by the overseers of the poor in the manner allowed and required by the statutes relating to paupers. It

was not furnished by the city in the performance of any duty placed upon it relating to the care of Burke or for the purpose of protecting the health of the community from the diseases enumerated in St. 1907, c. 386, § 2.

It is argued by the respondent that there is nothing to show that Burke knew that aid had been furnished to his wife while he was sick at the Somerville Tuberculosis Camp, and that therefore the furnishing of such aid did not prevent him from acquiring a settlement. *Berkeley* v. *Taunton,* 19 Pick. 480. *Wareham* v. *Milford,* 105 Mass. 293. This question is not open to the respondent in view of the language of the report which recites that "The petitioner contends that the aid furnished them prevented Michael J. Burke from acquiring a settlement. The respondent contends that under the provisions of St. 1907, c. 386, § 2, the aid did not prevent the acquiring of such settlement." From this recital it is plain that it was understood that the rights of the parties are to be determined solely by the question whether Burke was prevented from gaining a settlement by reason of the aid furnished his wife and children, and that this question depended upon the correct construction of the statute; moreover, the report recites that "If they [the wife and children] derived a settlement in Somerville through Michael J. Burke, the petitioner is not entitled to recover. If they did not derive such settlement, the petitioner is entitled to recover."

It is clear that the question whether the approval by the State board of charity of the expenses incurred is required in order that the petitioner may recover, is not raised upon this record. It appears from the agreed statement· of facts that such expenses never have been approved by the board as required by the statute, R. L. c. 81, § 21, as amended by St. 1903, c. 355, and St. 1912, c. 331. If that question was before us, we do not mean to intimate that the board could, without reason, arbitrarily withhold such approval.

It follows that judgment should be entered for the petitioner for the amount expended with interest from the date of the petition.

*So ordered.*