INHABITANTS OF NEEDHAM *vs.* CITY OF FITCHBURG.

Norfolk.   December 1, 1920. — January 19, 1921.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Pauper.   Settlement.*

A pauper with a settlement in a city, after a continuous residence away from the city for less than five years following the enactment of St. 1911, c. 669, was, at the direction of the city, sent by a town, in which he was residing with his family, to a hospital in the city, where he remained for more than three months. After his discharge therefrom, he returned to the town where, after the requisite notice to the city, he and his family were furnished with aid as paupers during a period which was more than five years after the enactment of St. 1911, c. 669, but was less than five years after his return to the town from the hospital in the city. *Held,* that, by the provisions of § 4 of the statute, he did not lose his settlement in the city during five consecutive years following his discharge from the hospital there, and that the town might recover from the city for the aid so furnished during those five years.

CONTRACT upon an account annexed for $1,395.36, aid furnished by the plaintiff to Harry B. S. Hinds and family from April 26, 1917, to May 1, 1919, with interest. Writ dated September 2, 1919.

In the Superior Court, the action was heard by *Sisk,* J., without a jury, upon an agreed statement of facts, from which it appeared that Hinds was born in Charlestown in 1879, and that, after he became of age, he had lived in Fitchburg, Allston, Boston, Wellesley and Needham in this Commonwealth, in Chicago in

the State of Illinois and again in Needham.  He had not acquired a settlement in any of the above places.  Settlement was claimed in Fitchburg through a settlement of his father, who had resided and had paid taxes in Fitchburg for fifteen years.

Under date of November 22, 1913, settlement was admitted for Harry B. S. Hinds and family by the overseers of the poor of Fitchburg.  His family at that time consisted of a wife and four children.  Under this admission aid was furnished by the plaintiff to Hinds and family from October 23, 1913, to May 1, 1916, and the defendant reimbursed the plaintiff therefor.  No aid was furnished Hinds or his family from May 1, 1916, to April 26, 1917, when aid was resumed, Hinds then being in the Lakeville Sanatorium.

On November 29, 1913, the board of health of the defendant directed the overseers of the poor of the plaintiff to send Hinds, who then was ill with tuberculosis, to the tuberculosis department of the Burbank Hospital, a public hospital in Fitchburg, and on December 8, 1913, Hinds came to Fitchburg and went directly to the hospital.  He was a patient there until he was discharged on March 28, 1914, as an arrested case and went directly back to Needham on his discharge.  During the time he was in the hospital, his wife and children occupied their home in Needham.

On October 22, 1914, the overseers of the poor of the plaintiff notified the overseers of the poor of the defendant that Hinds was again ill with tuberculosis and needed additional assistance, and suggested the removal of him and of his family to Fitchburg. The overseers of the poor of the defendant replied two days later, directing the overseers of the poor of the plaintiff to use their "best judgment in providing for this case for the present until some other arrangement can be made."  On May 26, 1917, the overseers of the poor of the plaintiff notified the overseers of the poor of the defendant that Hinds and family, whose legal settlement was in Fitchburg, being in needy circumstances, had applied to the Needham board for relief, and that the same had been granted and charged to Fitchburg,  On June 26, 1917, the overseers of the poor of the defendant notified the overseers of the poor of the plaintiff that under the provisions of St. 1911, c. 669, they denied that Hinds had a settlement in Fitchburg, his

settlement in that city having been lost through five years' absence from the city of Fitchburg.

Hinds with his family never resided in Fitchburg. Hinds was never in Fitchburg after July 13, 1911, except for the period from December 8, 1913, to March 28, 1914, when he was patient in the Burbank Hospital.

The defendant asked for the following rulings:

"1. Upon the agreed statement of facts the plaintiff is not entitled to recover.

"2. The temporary physical return of a person, for a brief period of time, to the city or town in which he has a settlement, after the passage of St. 1911, c. 669, without any intention of there residing but with the intention of again leaving the said city or town, and later leaving it in accordance with his intention, does not break the continuity of that person's absence from the same, so as to prevent his losing his settlement there, in accordance with the provisions of the said act.

"3. The temporary return of a person to the city or town in which he has a settlement, after the passage of St. 1911, c. 669, for the purpose of there receiving treatment in a public hospital, but with no intention of residing or remaining in said city or town after his discharge from the said hospital, and the immediate departure of such person therefrom, after his said discharge, does not break the continuity of that person's absence from the said city or town, so as to prevent his losing his settlement there, provided the time during which he shall have been an inmate or patient in the said hospital is not counted in computing the time for losing his settlement.

"4. If Harry B. S. Hinds, the person to whom aid was furnished, was absent from Fitchburg for five consecutive years after the passage of St. 1911, c. 669, exclusive of the time during which he was an inmate of a public hospital, even though within the said period he temporarily returned to Fitchburg for treatment in such public hospital, without any intention of returning to reside in· Fitchburg, but with the intention of going back to Needham when treatment was concluded, the said person was absent from Fitchburg within the meaning of St. 1911, c. 669, § 4, and thereby lost his settlement in Fitchburg.

"5. Upon the agreed statement of facts Harry B. S. Hinds was

absent from Fitchburg for five consecutive years, exclusive of the time he was an inmate of a public hospital, within the meaning of St. 1911, c. 669, § 4.

"6. Under the provisions of St. 1911, c. 669, a person may lose a legal settlement, before acquiring and without acquiring a new settlement.

"7. Under the provisions of St. 1911, c. 669, a person, who is absent from the city or town in which he has a settlement, may be in process of losing his settlement, while receiving relief as a pauper, even though the place furnishing the relief is reimbursed for the same by the said city or town."

The judge refused to rule as requested, found and ruled that Hinds had not lost his settlement in Fitchburg, that he and his family had a legal residence there during the period covered by the plaintiff's claim, found for the plaintiff in the sum of $1,395.36, and reported the case to this court for determination.

*C. T. Flynn,* for the defendant.

*W. G. Moseley,* for the plaintiff.

BRALEY, J.    The judge was warranted in finding on the agreed facts, that Hinds and his family had a legal settlement in the defendant city on and prior to July 13, 1911, but that thereafter he never lived, nor was he in Fitchburg except for three months and twenty days, when, suffering from tuberculosis, he became an inmate of a public hospital in the city, to which he had been sent by the overseers of the poor of the plaintiff acting under the direction of the defendant's board of health.    It is not contended that relief was not furnished and due notice given by the plaintiff; nor is the amount claimed in dispute.    R. L. c. 81.    The defence is, that under St. 1911, c. 669, Hinds lost his settlement in Fitchburg because of absence therefrom for five consecutive years elapsing after July 13, 1911, the date of the enactment of that statute.

By § 1, cl. 1, "Any man or woman . . . of the age of twenty-one years, who hereafter resides in any city or town within this Commonwealth for five consecutive years, shall thereby acquire a settlement in such place," and by § 4, "A person who, after the passage of this act, is absent for five consecutive years from the city or town in which he had a settlement shall thereby lose his settlement.    But the time during which a person shall have

been an inmate of any public hospital, public sanatorium, almshouse, jail, prison, or other public institution, within the Commonwealth, or of a soldiers' or sailors' home whether within or without the Commonwealth, shall not be counted in computing the time either for acquiring or for losing a settlement, except as provided in section two."

It is true as the plaintiff's counsel points out, that under R. L. c. 80, which is expressly repealed by St. 1911, c. 669, § 7, a settlement once acquired continues until it is defeated or lost by the acquisition of a new one within this Commonwealth, and that, "No person shall acquire a settlement, or be in process of acquiring a settlement, while receiving relief as a pauper," unless within a time stated he reimburses the cost thereof to the city or town furnishing the same. The last provision is re-enacted in St. 1911, c. 669, § 2. It is unnecessary however to decide, as the plaintiff further contends, whether a person may lose his settlement because physically absent for five consecutive years, and yet be unable to gain contemporaneously a new settlement, because if furnished relief by the city or town where he falls into distress he can acquire no rights therein while such aid continues, or whether under such conditions his support necessarily becomes a charge upon the Commonwealth. See R. L. c. 81, § 21, as amended by St. 1903 c. 355, and St. 1912 c. 331. *Scott* v. *Clayton,* 51 Wis. 185.

If it be assumed under the law relating to paupers that domicil and residence are identical, it is clear on the record, that Hinds should be regarded as having a home wherever he might find work, and that when admitted to the hospital he had not been absent from Fitchburg a sufficient time to lose his settlement. *Wilbraham* v. *Ludlow* 99 Mass. 587. *Palmer* v. *Hampden,* 182 Mass. 511.

The defendant however contends, that Hinds's presence at the hospital having been without any intention of taking up his abode in the city, the limitation of five years has not been interrupted, and the action therefore is barred. But it is agreed that the hospital was a public hospital and that he was lawfully there as an inmate, and by the express provisions of § 4, the time during which a person shall have been an inmate of a public hospital is not to be counted, but deducted when computing the period

required either to lose, or to gain a settlement.  St. 1906, c. 365, § 1.  St. 1911, c. 613, § 1.  *Manning* v. *Bruce,* 186 Mass. 282, 285.  The wording of the statute is explicit, and no sufficient reason is shown why it should not be given its plain meaning and effect.  The phrase "five consecutive years" means five full calendar years from the beginning to the end of the period un-affected by the exceptions found in the proviso.  *Somerville* v. *Commonwealth,* 225 Mass. 589, 593.

The defendant's first, second, third, fourth and fifth requests, that the plaintiff is not entitled to recover, and that the time Hinds was in the hospital could not be considered or counted, and he was absent for five consecutive years, and that if he had no intention of returning to reside in Fitchburg, but intended to go back to Needham, he was absent within the meaning of the statute, and had lost his settlement, were properly denied.  The questions raised by the sixth and seventh requests, that under the statute a person may lose a legal settlement before acquiring, and without acquiring a new settlement, and that a person who is absent from the city or town in which he has a settlement may be in process of losing his settlement while receiving relief as a pauper, "even though the place furnishing the relief is reimbursed for the same by the said city or town," are not material, and need not be determined.

Judgment for the plaintiff should be entered.

*So ordered.*