INHABITANTS OF LANESBOROUGH *vs.* INHABITANTS OF
LUDLOW.

Berkshire.    September 16, 1924. — October 17, 1924.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & WAIT, JJ.

*Settlement. Pauper. Public Officer. Statute,* Construction. *Practice,
Civil,* Finding by trial judge, Appeal. *Words,* " Absence."

A man who had a settlement in a town while being supported there as a
poor person, at the request of a sister of his wife with whom his wife
was living in another town, removed to such sister's house with the
consent of the overseers of the poor of the town of his settlement, and
such overseers paid the sister for his support for eleven years and until
June, 1921, when for the first time they denied liability for such support.
The town where the man was actually living furnished support to him
and sought reimbursement from the town where he previously had had
his settlement. *Held,* that

(1) The word " absence " as used in G. L. c. 116, as amended by St.
1922, cc. 177, 479, is to be construed in accordance with its usual and
natural signification and means physical absence;

(2) The absence of the poor person from the town of his former
settlement for five consecutive years caused his settlement therein to
be lost and thereafter that town could not be charged with liability
for his support;

(3) *Whether* in any case the involuntary removal of a poor person
from the town of his settlement could be found sufficient to defeat the
operation of the statute, was not decided;

(4) The removal of the poor person in the circumstances was not
involuntary but was with his entire approval and consent;

(5) The overseers of the poor of the town of the pauper's original
settlement, in making the arrangements to pay for his support in the
second town, acted not as agents of the town but as public officers,
and their action was not to be regarded as an admission as to his settle-
ment.

While a finding by a judge, who heard an action at law without a jury, will
not be set aside if there is any evidence to support it, yet where excep-
tions presented to this court by a defendant after a finding for the
plaintiff upon a hearing of the case by a judge without a jury disclosed
that upon the evidence most favorable to the plaintiff no cause of action
existed, the finding of the judge will be set aside.

CONTRACT for disbursements made by the plaintiff for
the support of Orrin Walker, alleged to have been a poor
person having a settlement in the defendant town.  Writ
dated July 6, 1922.

In the Superior Court, the action was heard by *Burns*, J., without a jury, on an agreed statement of facts and testimony of a single witness. Material evidence is described in the opinion. The defendant asked for the following rulings:

" 1. On all the evidence and the agreed statement of facts the plaintiff is not entitled to recover against the town of Ludlow.

" 2. On the law, the evidence and the agreed statement of facts the plaintiff cannot recover against the town of Ludlow.

" 3. Under the provisions of St. 1911, c. 669, Walker could lose his settlement in Ludlow without acquiring a legal settlement in Lanesborough.

" 4. Under the provisions of St. 1911, c. 669, and G. L. c. 116, Walker, by his absence from Ludlow from 1910 to 1921, lost his settlement in Ludlow, even though during that absence he was receiving aid as a pauper from the town of Ludlow.

" 5. On the law, evidence and the agreed statement of facts Orrin Walker had no legal settlement in Ludlow on the first day of May, 1921, and the plaintiff cannot recover against the town of Ludlow in this action for pauper aid rendered to said Walker subsequent to that time."

The rulings were refused. The trial judge found the following facts: " In addition to the agreed statement of facts, I find that Walker's departure from Ludlow was not his voluntary act; that the arrangement under which he went to Lanesborough was with the consent of the proper authorities of Ludlow and that this arrangement amounted to no more than the ' farming out ' of Walker by them. Mr. Towne of the Ludlow Selectmen asked ' How long will you keep him '? To which Mrs. Bradley replied ' until his wife dies.' This same reply was also made to Walker's question as to how long he would be there — meaning in Lanesborough."

There was a finding for the plaintiff in the sum of $616.20. The defendant alleged exceptions.

*T. H. Kirkland*, for the defendant.

*W. A. Heaphy*, (*C. L. Hibbard* with him), for the plaintiff.

CROSBY, J. This is an action of contract brought to recover for support furnished by the plaintiff town to one

Orrin Walker, a poor person.   The case was tried before a judge of the Superior Court sitting without a jury, upon an agreed statement of facts and the testimony of a single witness called by the plaintiff.

From the undisputed facts, as shown by the record, it appears that Walker resided continuously in Ludlow from 1892 to 1897 inclusive, and paid all taxes assessed to him by that town during the years 1893 to 1897 both inclusive. It therefore appears that he had acquired a settlement in that town.   He was married in 1887 and lived with his wife until 1890, when they separated, and she went to Lanesborough and lived with her sister, Mrs. Bradley.   Walker was continuously aided by the town of Ludlow as a pauper from 1901 to 1910, and during the latter year, while being so aided at the home of one Nelligan in Ludlow, he went to live with Mrs. Bradley, at her request, in Lanesborough, where also Mrs. Walker was living.   The transfer of Walker to Mrs. Bradley's home was made with the consent of the overseers of the poor of Ludlow who agreed with Mrs.Bradley to pay her for his support.   This agreement continued from 1910 until June, 1921, when the officials of Ludlow denied liability for Walker's support for the first time, and notice accordingly was given to the Commonwealth, which also denied liability.

The law relating to the settlement of poor persons as it had previously existed was radically changed by St. 1911, c. 669, now G. L. c. 116, as amended by St. 1922, c. 177, and St. 1922, c. 479.   By G. L. c. 116, § 5, which was in force during the period in question, it was provided in part that "Each settlement existing on August twelfth, nineteen hundred and eleven, shall continue in force until changed or defeated under this chapter, but from and after said date absence for five consecutive years by a person from a town where he had a settlement shall defeat such settlement."   This section also provides that the time during which a person shall be an inmate of an almshouse, jail, prison, or other public or State institution within the Commonwealth, or in any manner under its care or direction, or that of any officer thereof, or of a soldiers' or sailors' home shall not be counted

in computing the time either for acquiring or for losing a settlement except as provided in § 2.  The statute is plain and free from ambiguity; in precise and definite language it provides that absence for five consecutive years by a person from a town where he had a settlement shall defeat the settlement.  The word " absence " as used in the statute is to be construed in accordance with its usual and natural signification.  It means physical absence.  If such a person by such absence fails to acquire a settlement elsewhere, that circumstance is immaterial.  The statute must be construed in accordance with the intention of the Legislature as therein expressed.  *Somerville* v. *Commonwealth,* 225 Mass. 589, 593.

As it is not disputed that Walker has not resided in Ludlow for five consecutive years, and as it is not contended that he comes within any of the exceptions set forth in the statute, it is manifest that his settlement previously acquired in Ludlow was lost, and that town cannot be charged with liability for his support in this action.  See *Needham* v. *Fitchburg,* 237 Mass. 354; *People* v. *Maynard,* 160 N. Y. 453, 459.

If there are any exceptions to the statute, except those therein expressly recited (and which it is unnecessary to decide), we are of opinion that, upon the agreed statement of facts and the reported evidence, the defendants cannot be charged with liability.  The trial judge found that " Walker's departure from Ludlow was not his voluntary act; that the arrangement under which he went to Lanesborough was with the consent of the proper authorities of Ludlow and that this arrangement amounted to no more than the ' farming out ' of Walker by them. . . . " If in any case the involuntary removal from a town of a poor person could be found sufficient to defeat the operation of the statute, which we do not decide, we are of opinion that in the case at bar Walker's removal to Lanesborough was with his entire approval and consent.  The circumstance that the officials of Ludlow consented to the arrangement and agreed to pay for his support in Lanesborough is not binding upon the defendant.  In making this arrangement

they acted not as agents of the town, but as public officers, and such action no their part is not to be regarded as an admission as to his settlement. *New Bedford* v. *Taunton*, 9 Allen, 207, and note. *Bolster* v. *Lawrence*, 225 Mass. 387, 389. While the finding of the judge will not be set aside if there is any evidence to support it, *Commercial Credit Co.* v. *M. McDonough Co.* 238 Mass. 73, 78, *Moss* v. *Old Colony Trust Co.* 246 Mass. 139, 143, and cases cited, yet where, as in the present case, upon the evidence most favorable to the plaintiff no cause of action is shown to exist, the finding will be set aside.

The decision in the case of *Brookfield* v. *Holden*, 247 Mass. 577, relied on by the plaintiffs, is not inconsistent with the conclusion reached; in that case it was held that a woman who had a settlement derived from her husband did not lose it, although his settlement had been lost by absence from the Commonwealth. *Treasurer & Receiver General* v. *Boston*, 229 Mass. 83.

It follows that the defendants' requests for rulings in substance should have been given. The entry must be

> *Exceptions sustained.*
> *Judgment for the defendant*
> *under G. L. c. 231, § 122.*