WILLIAM D. LANOUE *vs.* FRANK BUSCICCHIA.

Berkshire. September 20, 1927. — November 22, 1927.

Present: BRALEY, CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Negligence,* In use of private way. *Actionable Tort.* *Way,* Private.

If the neck yokes on teams and parts of wagons or trucks, driven along a roadway by the owner of the fee therein, because of holes and uneven places in the road which caused the vehicles to lurch and swerve, did damage to a wire fence erected by the owner of adjoining land from eighteen to thirty inches from the boundary of the way, such adjoining landowner may recover, in an action of tort against the owner of the roadway, for damages so caused.

TORT. Writ in the District Court for Northern Berkshire dated July 15, 1926.

Material evidence and rulings by the trial judge are stated in the opinion. The judge found for the defendant and reported the action to the Appellate Division for the Western District. The report was ordered dismissed. The plaintiff appealed.

*W. J. Donovan,* for the plaintiff.

*E. D. Getman,* for the defendant, submitted a brief.

CARROLL, J. The declaration alleged that the defendant negligently, maliciously and wilfully drove his teams and automobile trucks into the plaintiff's fence and "broke holes therein" to the plaintiff's damage.

It was found that the plaintiff and defendant owned adjoining lands in North Adams; that the plaintiff built and maintained a wire fence "along and upon the southerly line of his land which was the boundary line between lands of

plaintiff and defendant for a distance of about 200 feet";
that the fence was located eighteen to thirty inches from the
northerly side of the roadway on the defendant's land; that
on several occasions the defendant and his agents, while
driving on the roadway with automobile trucks or wagons
drawn by horses, had caused injury to the fence, "by tearing
loose the wires and making holes therein; that said injuries
were caused by the neck yokes of the teams or other parts
of the wagons or trucks inadvertently coming in contact
with the fence on account of its close proximity to the
travelled part of the roadway, and in places where the fence
was especially close to the roadway, holes or uneven places
in the road would cause the vehicles to lurch or swerve suffi-
ciently to cause the injury complained of." The trial judge
also found that the defendant was not negligent and did not
act maliciously or wilfully; that the damage to the plaintiff's
fence was caused by "inadvertence on the part of the drivers
and . . . close proximity of the fence to the roadway."
The plaintiff requested the trial judge to rule that upon all
the evidence judgment is to be entered for the plaintiff.
This request was denied. He found for the defendant. The
report states that it contains all the evidence material to the
questions raised; that the "plaintiff claiming to be aggrieved
by the rulings and refusals to rule as requested, the same
[are reported] to the Appellate Division for determination."
The plaintiff appealed from the order dismissing the report.

The judge based his finding that the defendant was free
from negligence on the fact that the roadway on the de-
fendant's land was in "close proximity" to the fence and
that "holes or uneven places in the road would cause the
vehicles to lurch or swerve sufficiently to cause the injury."
These facts did not relieve the defendant from liability for
the damage brought about by his acts.

The defendant was the owner of the land on which the
roadway was constructed. It was in his possession and
under his control. If the way was so near the plaintiff's
fence that the defendant could not use it without injury
to the plaintiff's property and he continued to use it, and on
several occasions, because of the nearness of the roadway,

injured the fence, the fault was his.   The condition of the roadway was something for which the defendant alone was responsible.   There is nothing to show any excuse on his part for the existence of the "holes or uneven places" that caused the "vehicles to lurch or swerve sufficiently to cause the injury complained of."   If the injury in part arose from defects in the roadway, there is nothing in the evidence to show that the defendant was not responsible for these defects and for any injury resulting therefrom.   On this record there is no evidence to support the finding that the defendant was free from negligence.  'The evidence shows that in continuing to use the driveway in its defective condition, he was, in the absence of evidence to the contrary, negligent.   The only reasonable inference to be drawn from the evidence disclosed is that the defendant was responsible for the damage and was guilty of negligence.   There was no evidence to support the finding that the damage to the plaintiff's fence was not caused by the defendant's negligence.   *Lanesborough* v. *Ludlow,* 250 Mass. 99, 103.

The order dismissing the report is reversed and an order is to be entered directing a new trial of the case.

*So ordered.*