MASSACHUSETTS LUBRICANT CORPORATION *vs.* SOCONY-VACUUM OIL COMPANY, INCORPORATED.

SAME *vs.* GUSTAV A. STACHELHAUS.

Middlesex. November 9, 1939. — February 26, 1940.

Present: FIELD, C.J., DONAHUE, QUA, COX, & RONAN, JJ.

*Personal Property*, Right to possession. *Conversion.* *Corporation*, Dissolution, Revival. *Estoppel.*

Under G. L. (Ter. Ed.) c. 155, §§ 51, 52, 56, a corporation could sue for a conversion of its property occurring between the time of its dissolution by statute and the time of its revival within three years after the dissolution.

Findings merely that an owner of personal property placed it on certain premises without making any arrangements respecting it with a lessee of the premises or his landlord and that the lessee was in control of

the personalty did not warrant a finding and ruling that the owner did not have the right to its possession at a later time when it was attached and sold in an action by the landlord against the lessee; nor was the owner estopped to maintain an action for conversion thereof.

TWO ACTIONS OF TORT.   Writs in the Superior Court dated May 12 and May 7, 1937, respectively.

There were findings for the defendants by *M. Morton*, J., and the cases were reported.

*E. L. Monahan*, (*J. C. Donohoe* with him,) for the plaintiff.

*W. D. Regan*, for the defendants.

RONAN, J.   These are two actions for the conversion of a large quantity of grease and oil.   The defendant corporation was the owner of certain premises, located in North Andover, which it had leased on June 15, 1933, to one Adams.   The plaintiff, in 1934, shipped the grease and oil to these premises without any arrangement with Adams to place the property there.   Adams being in arrears for rent, the defendant corporation brought an action against him and caused the oil and grease to be attached on December 12, 1935, by the individual defendant, a deputy sheriff. The latter sold the oil and grease on March 28, 1936, upon the execution issued in said action.   The present cases were tried before a judge, who found that the property sold was owned by the plaintiff, that it was placed upon the premises by the plaintiff's agent without any arrangements having been made by him with either the lessor or the lessee, that the lessee was in control of all the personal property upon the premises, and that at the time of the sale upon the execution "the plaintiff did not have the right of possession to said property, neither in fact nor in law."   He ruled that neither defendant had converted the property, and found for the defendant in each case.   The cases are here upon a report which contains all the material evidence introduced at the trial.

The plaintiff was the owner of the lubricants, and its dissolution by St. 1934, c. 187, subject to the provisions of G. L. (Ter. Ed.) c. 155, §§ 51, 52, 56, and its revival on January 19, 1937, did not divest it of its title.   It continued for

three years from March 31, 1934, the date upon which St. 1934, c. 187, became effective, for the purpose of prosecuting and defending suits and for settling and winding up its affairs. G. L. (Ter. Ed.) c. 155, § 51. *Schreier* v. *Cummings*, 251 App. Div. (N. Y.) 16. Before the statutory period had expired it had been "revived for all purposes" "with the same powers, duties and obligations as if it had not been dissolved." G. L. (Ter. Ed.) c. 155, § 56. *Partan* v. *Niemi*, 288 Mass. 111. *Harpoot Assyrian United Association of America* v. *Assyrian National Union, Inc.* 296 Mass. 224.

The plaintiff in order to recover must show that, at the time of the alleged conversion, it had a general or special property in the goods and also that it had either the actual possession or the right to immediate possession of them. *Bacon* v. *George*, 206 Mass. 566. *Judkins* v. *Tuller*, 277 Mass. 247. *Donahue* v. *Leventhal*, 302 Mass. 393. But the attachment and sale of the plaintiff's property in an action by the corporate defendant against Adams constituted a conversion, without any demand upon the defendants or refusal by them to turn over the property to the plaintiff if the latter had the immediate right to possession. *Blanchard* v. *Coolidge*, 22 Pick. 151. *Richardson* v. *Reed*, 4 Gray, 441. *Davis* v. *Rhoades*, 124 Mass. 291. *Robinson* v. *Way*, 163 Mass. 212. *Lorain Steel Co.* v. *Norfolk & Bristol Street Railway*, 187 Mass. 500. *Lancaster* v. *Stanetsky*, 221 Mass. 312. *Koski* v. *Haskins*, 236 Mass. 346. *Magaw* v. *Beals*, 242 Mass. 321.

In an action at law the findings of fact must be accepted as final unless they cannot be supported upon any reasonable view of the evidence with all permissible inferences that may be drawn therefrom. *Graustein* v. *H. P. Hood & Sons, Inc.* 293 Mass. 207. *Commissioner of Banks* v. *Chase Securities Corp.* 298 Mass. 285. The general finding for each defendant was made because of the specific finding and ruling that the plaintiff did not have the right of possession at the time its property was attached and sold. Our inquiry is whether as matter of law the judge upon the evidence and in view of his other findings could properly

make this ruling. *State Street Trust Co.* v. *Lawrence Manuf. Co.* 284 Mass. 355. *Gilbert* v. *Beacon Hill Credit Union*, 287 Mass. 433.

The plaintiff proved absolute ownership of the chattels together with the right to take possession of its property. The finding that the lessee was in control of all the personal property located upon the premises is not inconsistent with the plaintiff's right to immediate possession, when considered with the further finding that the chattels were placed upon the premises without any arrangement with the owner or lessee. The findings negative the existence of any contractual relation, either express or implied, between the plaintiff and Adams, by which the latter had any right to retain possession of the plaintiff's property. *Goell* v. *Morse*, 126 Mass. 480, 482. *Keith* v. *De Bussigney*, 179 Mass. 255, 260. *Elmore* v. *Symonds*, 183 Mass. 321, 325. Adams had no special property in the plaintiff's chattels. There was no evidence that the plaintiff was indebted to him on account of the location of the property upon the leased premises or that he had any lien or interest in the chattels. *Preston* v. *Neale*, 12 Gray, 222. *Field* v. *Roosa*, 159 Mass. 128. *Grant* v. *Barnes*, 177 Mass. 111. *Clabburn* v. *Phillips*, 245 Mass. 47. *Flesher* v. *Handler*, 303 Mass. 482. There was no evidence that he ever objected to the property remaining upon the leased premises. There was no evidence to show that its location there was wrongful and not permissive. *Doty* v. *Gorham*, 5 Pick. 487. *Giles* v. *Simonds*, 15 Gray, 441. *Arrington* v. *Larrabee*, 10 Cush. 512. *McLeod* v. *Jones*, 105 Mass. 403. *Smith* v. *Hale*, 158 Mass. 178. Am. Law Inst. Restatement: Torts, § 176. The plaintiff showed that it had complete ownership of its property which, in the absence of any evidence tending to prove the contrary, carried with it the right to present possession. *Coles* v. *Clark*, 3 Cush. 399. *Morgan* v. *Ide*, 8 Cush. 420. *Robinson* v. *Bird*, 158 Mass. 357. *Carroll* v. *Haskins*, 212 Mass. 593. In *Westheimer* v. *State Loan Co.* 195 Mass. 510, the replevin of the plaintiff's chattels in the possession of a person with whom they were stored and carrying them away were held to be a conversion. To the

same effect are *Pine* v. *Morrison,* 121 Mass. 296, and *Geguzis* v. *Brockton Standard Shoe Co.* 291 Mass. 368, 371.

The ruling, in substance and effect that the plaintiff did not have the right of possession at the time of the taking of its property, was erroneous. *Stearns* v. *Dean,* 129 Mass. 139. *Robinson* v. *Bird,* 158 Mass. 357. *Marcotte* v. *Massachusetts Security Corp.* 250 Mass. 246. *Lawyers Mortgage Investment Corp. of Boston* v. *Paramount Laundries Inc.* 287 Mass. 357. *New England Road Machinery Co.* v. *Quincy Oil Co.* 290 Mass. 242. If the statement of the judge that "the plaintiff did not have the right of possession to said property, neither in fact nor in law" is considered merely as a finding of fact, then such a finding cannot be sustained as matter of law and must be reversed. *Lanesborough* v. *Ludlow,* 250 Mass. 99, 103. *Commercial Trust Co. of New York* v. *American Trust Co.* 256 Mass. 58. *Beacon Manuf. Co.* v. *Barnard Manuf. Co.* 261 Mass. 397.

Even if the plaintiff knew that the premises were leased to Adams, there was no evidence that it knew the contents of the lease or that it communicated with the corporate defendant regarding the storage of its property on this defendant's land. There is nothing in the testimony to show that the plaintiff did anything to indicate that the property belonged to Adams. There is nothing to show that Adams had permission to use it. It was simply located on the leased premises. The evidence does not warrant the contention of the defendants that the plaintiff is estopped to assert its rights in its property. *Boston & Albany Railroad* v. *Reardon,* 226 Mass. 286. *Geguzis* v. *Brockton Standard Shoe Co.* 291 Mass. 368.

An order is to be entered directing a new trial of each case. *Lanoue* v. *Buscicchia,* 261 Mass. 236.

*So ordered.*