COMMONWEALTH *vs.* CITY OF BOSTON.

Suffolk.   May 2, 1944. — June 5, 1944.

Present: FIELD, C.J., QUA, RONAN, & WILKINS, JJ.

*Settlement.   Municipal Corporations,* Public welfare.   *Needy Person.*
*Public Welfare.   Words,* "Consecutive."

Under § 1, First, of G. L. (Ter. Ed.) c. 116, construed with § 5, one
acquired a settlement in a municipality by residing there continu-
ously from 1929 to 1935 except for serving two terms in jail of five
days and ten days respectively in 1931.

CONTRACT.   Writ in the Superior Court dated February 3,
1943.

The case was heard by *Morton,* J.

*J. W. Kelleher,* Assistant Corporation Counsel, for the
defendant.

*B. Smola,* Assistant Attorney General, for the Common-
wealth.

WILKINS, J.   This action of contract under G. L. (Ter.
Ed.) c. 122, § 10, as amended, for the care and support of
one Horrigan at the State Infirmary at Tewksbury from
March 16, 1939, to January 27, 1943, raises the sole ques-
tion whether previously he had acquired a settlement in the
defendant city.   The case was tried on a statement of agreed
facts, from which the following appears:   Horrigan was born
in Watertown in 1881, came to Boston "in 1929," and re-
sided there until his admission on March 16, 1939, to the
State Infirmary at Tewksbury, where he was still a patient
at the time of the trial.   He served five days in jail begin-
ning April 6, 1931, and ten days in jail beginning June 22,
1931.   "He had no opportunity to acquire [a settlement]
after 1935."   The defendant submitted two requests for
rulings, one to the effect that the time spent in jail pre-
vented the acquisition of a legal settlement in Boston, and
the other that on all the evidence the plaintiff was not en-

titled to recover. The judge denied these requests subject to the defendant's exceptions, and found for the plaintiff.

The plaintiff contends that Horrigan acquired a settlement "by five continuous years residence in Boston from 1929 to 1935" exclusive of the time spent in jail. The defendant contends that "the five years to acquire a settlement must be five full uninterrupted calendar years," which cannot be found because of interruptions by time spent in jail.

In order to "acquire a settlement" Horrigan must have resided in Boston "for five consecutive years." G. L. (Ter. Ed.) c. 116, § 1, First. General Laws (Ter. Ed.) c. 116, § 5, provides: "The time during which a person shall be an inmate of any infirmary, jail, prison, or other public or state institution, within the commonwealth or in any manner under its care and direction . . . shall not be counted in computing the time either for acquiring or defeating a settlement."

We are of opinion that the judge was right in finding, as he must have found to find for the plaintiff, that Horrigan acquired a settlement in Boston. While it is true that "consecutive" ordinarily conveys the thought of unbroken sequence or uninterrupted succession, the word must be construed in connection with the other provision that the time during which a person is an inmate of a jail "shall not be counted in computing the time either for acquiring or defeating a settlement." See *Walsworth* v. *Casassa,* 219 Mass. 200, 204. There would be no apparent occasion for the application of all the words in § 5 were "consecutive" to be given the meaning for which the defendant contends. If one day in jail stopped the running of the five years, legislative prohibition against counting time so spent would have been unnecessary. *Whately* v. *Hatfield,* 196 Mass. 393, was a case arising under Pub. Sts. c. 83, § 1, Fifth, in which one of the requirements for acquiring a settlement was residence "for five years together." Although there was no statutory provision analogous to § 5, and a total of five years could be reached only by combining time spent in a town both before and after a jail term, this court held that

a settlement was acquired. In a case arising under St. 1911, c. 669, § 1, First, § 2, and § 4, which were predecessors respectively of G. L. (Ter. Ed.) c. 116, § 1, First, § 2, and § 5, this court said, ". . . the time during which a person shall have been an inmate of a public hospital is not to be counted, but deducted when computing the period required either to lose, or to gain a settlement. . . . The phrase 'five consecutive years' means five full calendar years from the beginning to the end of the period unaffected by the exceptions found in the proviso." *Needham* v. *Fitchburg*, 237 Mass. 354, 358–359. Taking "five full calendar years" as meaning the aggregate of five full years, the quoted language is appropriate to the case at bar. See G. L. (Ter. Ed.) c. 4, § 7, Nineteenth; *J. L. Hammett Co.* v. *Alfred Peats Co.* 217 Mass. 520, 521. The defendant strongly argues that the result in *Needham* v. *Fitchburg* shows that the conclusion here reached was rejected, since, it contends, there was a total of five years exclusive of time spent in the hospital. This is inaccurate. Not only was there a second period spent in a public sanatorium which could not be counted, but the person whose settlement was in question before the lapse of five years became a recipient of public relief and could not under § 2 "acquire a settlement, or be in the process of acquiring a settlement." In fact, the defendant's argued construction of § 1, as read in connection with § 5, seems to be as if the wording were the same as in § 2. We think that the phrase "or be in the process of acquiring a settlement" imports an additional meaning, and that its omission is significant. See *Waltham* v. *Newton*, 306 Mass. 59.

*Exceptions overruled.*