TREASURER AND RECEIVER GENERAL *vs.* CITY OF NEWTON.

Suffolk.    March 12, 1917. — May 25, 1917.

Present: RUGG, C. J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Sanatoriums for Tubercular Patients.   Pauper.   Rutland State Sanatorium.
Municipal Corporations.*

In an action brought by the Attorney General in the name of the Treasurer and
Receiver General against a city under St. 1907, c. 474, § 10, as amended by
St. 1912, c. 17, to recover $4 a week for the support in the Rutland State Sana-
torium of a tubercular patient having a settlement in the defendant city, where
no question has been raised as to the good faith of the trustees and physicians
in admitting the patient to the sanatorium, it is right for the presiding judge
to exclude evidence offered by the defendant as tending to show that the patient
was not suffering from tuberculosis nor from any disease dangerous to the
public health while she was an inmate of the sanatorium.

In the same case it was *held* that there was no ground for the contention that in
order to hold the defendant liable for the support of a patient having a settle-
ment in that city it must be shown that the trustees admit to the Rutland
State Sanatorium only persons whose tubercular condition is beyond doubt.

It was *said* that, assuming that the question was open to the defendant, the
regulations, shown to have been adopted by the trustees of the Rutland
State Sanatorium for the admission of inmates and followed in the present
case, whereby the treatment for tuberculosis begins before the incipient
stage of the disease is passed and before bacilli appear in the sputum, were
within the authorized powers of the trustees and were reasonable in the
light of modern principles of preventive treatment.

CONTRACT brought by the Attorney General in the name of the
Treasurer and Receiver General under St. 1907, c. 474, § 10, as
amended by St. 1912, c. 17, against the city of Newton to recover
$4 a week for the support from July 16 to November 16, 1915, in
the Rutland State Sanatorium of Lilla M. Asbell, a tubercular
patient having a legal settlement in Newton.   Writ dated Decem-
ber 27, 1915.

In the Superior Court the case was heard by *Hamilton*, J., with-
out a jury.   The facts, which were agreed on by the parties, are
stated in the opinion.   The defendant offered evidence tending to
show that Lilla M. Asbell was not on July 16, 1915, or on any date
from July 16, 1915, to November 16, 1915, inclusive, suffering
from tuberculosis or from any disease dangerous to the public

health.   The judge excluded the evidence, "no question having been raised by the defendant concerning the good faith of said trustees and said physicians."

The judge further ruled that, upon the facts, it was immaterial whether the patient was or was not at the time of admission or during her stay at the sanatorium actually suffering from tuberculosis or from a disease dangerous to the public health.   He ordered judgment to be entered for the plaintiff, and by agreement of the parties reported the case for determination by this court, such entry to be made as law and justice might require.

St. 1907, c. 474, § 10, as amended by St. 1912, c. 17, is as follows: "The charges for the support of each inmate in a State sanatorium shall be four dollars a week, and shall be paid quarterly.   Such charges for those not having known settlements in the Commonwealth shall be paid by the Commonwealth, and may afterward be recovered by the Treasurer and Receiver General of the patients, if they are able to pay, or of any person or kindred bound by law to maintain them, or of the place of their settlement subsequently ascertained; but for those having known settlements in this Commonwealth, the charges shall be paid either by the persons bound to pay them, or by the place in which such inmates had their settlement, unless security to the satisfaction of the trustees is given for their support.   If any person or place refuses or neglects to pay such charges the Treasurer and Receiver General may recover the same to the use of the sanatorium.   The Attorney General shall upon request of the board of trustees bring action therefor in the name of the Treasurer and Receiver General.   A city or town which pays the charges for the support of an inmate of a State sanatorium shall have like rights and remedies to recover the amount thereof, with interest and costs, from the place of his settlement or from such person of sufficient ability, or from any person bound by law to maintain him, as if such charges had been incurred in the ordinary support of such inmate."

The case was submitted on briefs.

*E. B. Bishop,* for the defendant.

*H. C. Attwill,* Attorney General, & *H. W. Barnum,* Assistant Attorney General, for the plaintiff.

DE COURCY, J.   This action was brought under the provisions of St. 1907, c. 474, § 10, as amended by St. 1912, c. 17, to recover

the charges for the support of Lilla M. Asbell at the Rutland State Sanatorium from July 16, 1915, to November 16, 1915. She had a legal settlement in Newton during the period for which claim is made.

The material facts are agreed upon. The trustees of the State sanatorium for consumptives, presumably acting under the powers conferred on them by St. 1907, c. 474, § 6, (see R. L. c. 87, §§ 26, 27,) have prescribed a uniform application blank for admission. This blank, among other things, calls for a statement of the presence or absence of various symptoms important in making a diagnosis of tuberculosis. It must be filled out by a registered physician and forwarded to the trustees. The application is then examined by some member or employee of said trustees, who is a registered physician and has given special study to the diagnosis, care and treatment of tuberculosis. If this physician is of opinion that the person in question is suffering from tuberculosis, he determines to which of the State sanatoriums the patient should be admitted and the latter's name is placed upon the waiting list for that institution. Soon after arrival at the sanatorium the patient is examined by the attending physicians. These examinations are repeated at intervals of approximately one month; and, if it appears that the patient is not suffering from tuberculosis or that the progress of the disease has been arrested, he is then discharged.

This practice was followed in the case of the patient Lilla M. Asbell. She originally was admitted upon the examination and application of a registered physician, practicing in Newton, and remained at the Rutland State Sanatorium from October 15, 1910, to May 30, 1912, when she was "discharged as an apparently arrested case." She was re-examined by a member of the staff of said sanatorium on July 10, 1912, and again on May 30, 1915. In the opinion of the resident physician who made this last examination the patient was suffering from tuberculosis by reason of renewed activity of the disease. She was re-admitted to the sanatorium after an application blank had been prepared and the usual practice followed.

While the examination of June 5, 1915, discloses symptoms indicating a moderately advanced stage of the disease, it appears that tubercle bacilli were never found in the sputum of Lilla M. Asbell

while she was in the sanatorium from July to November. Tuberculosis cases are classified as incipient, moderately advanced and advanced. In the opinion of the trustees the absence of such bacilli does not prove or indicate the absence of the disease. Tubercle bacilli are not found in the sputum of sixty to seventy per cent of incipient cases. The chances of cure by the time such bacilli appear in the sputum have decreased from a range of seventy-five to ninety per cent to a range of fifty to sixty-five per cent, and consequently, in their opinion, the admission of patients properly cannot be limited to cases in which the presence or absence of the disease can be demonstrated with absolute certainty. Further, although persons having tuberculosis are not dangerous to the public or others unless tubercle bacilli are present in the sputum, yet such bacilli may appear therein at any time.

The defendant, which is liable in the first instance for the statutory rate of $4 a week, offered evidence tending to show that Lilla M. Asbell was not suffering from tuberculosis or from any disease dangerous to the public health while she was an inmate. No question having been raised as to the good faith of the trustees and physicians, the trial judge excluded this evidence as immaterial.

It is argued by the defendant that if the trustees intend to hold liable the city of a patient's settlement, they can admit to the sanatorium at Rutland only those persons whose tubercular condition is beyond doubt. There is no warrant for this contention in the language of the statute. It is expressly provided that the charges for the support of those inmates having known settlements in this Commonwealth "shall be paid either by the persons bound to pay them, or by the place in which such inmates had their settlement." The liability is not made dependent on the finding of bacilli of tuberculosis in the sputum of the patient, as is the case under St. 1912, c. 637, which entitles a city to a subsidy from the Commonwealth for certain patients maintained in a municipal or incorporated tuberculosis hospital. Nor does the statute require notice to be given to the city where an applicant has a legal settlement. Both R. L. c. 88, § 7, which limited the liability of a municipality to cases where the patients were admitted on the request of the overseers of the poor, and St. 1909, c. 378, which substituted the request of

the municipal board of health, were repealed expressly by St. 1911, c. 396. In short, so far as the express provisions of the statute indicate, the Legislature intended to make the liability for the support of each inmate absolute. And it is not disputed that the Legislature has power to place upon municipalities charges for the care of persons supported at public expense. See *Bradford* v. *Worcester*, 184 Mass. 557, 561.

Assuming that the question is open to the defendant, we are of opinion that the regulations adopted by the trustees for the admission of inmates, as followed in the case of Lilla M. Asbell, were within their authorized powers, and were reasonable in the light of modern principles of preventive treatment. The agreed facts make it plain that it is of the utmost importance that sanatorium treatment should begin before the incipient stage of the disease is passed, and before bacilli appear in the sputum. The only sure way to protect the public health is by arresting the progress of the disease before the patient becomes a source of possible contagion to those about him. Apparently the policy of the trustees is to conduct the State sanatoriums ultimately for the active treatment and arrest of early and favorable cases of pulmonary tuberculosis; and from the beginning the Rutland institution seems to have been set apart largely for incipient and early cases. See Ninth Annual Report of the Trustees of Massachusetts Hospitals for Consumptives, 7, 8, *et seq.*

It may be said in passing that the record does not disclose what notice is given to the city where an applicant has a legal settlement. It does appear, however, that the charges for the support of Lilla M. Asbell while she was formerly an inmate were paid by the defendant for the period of time subsequent to the taking effect of St. 1911, c. 396.

We find no error in the rulings of the trial judge. There is no dispute as to the amount due for the support of the inmate; and in accordance with the report judgment is to be entered for the plaintiff in the sum of $70.29.

*Ordered accordingly.*