TREASURER AND RECEIVER GENERAL *vs.* TOWN OF BOURNE.

Suffolk. March 9, 1931. — April 6, 1931.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & SANDERSON, JJ.

*Massachusetts Hospital School.  Municipal Corporations,* Liability for board in State hospital.  *Constitutional Law,* Board in State hospital.

The liability of a town under G. L. c. 121, § 31, as amended by St. 1924, c. 344, for the board in the Massachusetts Hospital School of a child having a settlement in such town is absolute, and is concurrent with and independent of the liability for the support of the child in the school placed by the statute upon persons or kindred bound by law to maintain him; and therefore the financial ability of such persons or kindred to pay for his support is immaterial to the right of the Commonwealth to maintain an action in the name of the Treasurer and Receiver General against such town for his board.
So construed, G. L. c. 121, § 31, as so amended, is not unconstitutional.

CONTRACT under G. L. c. 121, § 31, as amended by St. 1924, c. 344.  Writ dated September 27, 1928.

The action was heard in the Superior Court by *F. T. Hammond,* J., upon an agreed statement of facts, material portions of which appear in the opinion.  The judge, without decision, reported the action for determination by this court under G. L. c. 231, § 111.

*G. B. Lourie,* Assistant Attorney General, for the plaintiff.
*P. Nichols,* for the defendant.

CROSBY, J.  This is an action of contract in which the plaintiff seeks to recover for board furnished by the Common-

wealth to one Edwin F. Lumbert at an institution maintained by the Commonwealth for the education and care of crippled and deformed children. The case came before the trial court upon an agreed statement of facts and was reported to this court without decision.

From the agreed facts it appears that on October 22, 1927, Edwin F. Lumbert, a minor having a settlement in the defendant town, was admitted to the Massachusetts Hospital School; on January 16, 1928, the superintendent of the school notified the overseers of the poor of the town of Bourne, by letter, that bills for the board of the boy would be sent at the rate of $6 per week from the date of his admission, in accordance with St. 1924, c. 344, amending G. L. c. 121, § 31. This letter was the first notification to the town that the boy had been admitted to the school. Ralph Lumbert, father of Edwin, is a resident of Bourne. Neither the superintendent of the school nor any other official of the Commonwealth has ever attempted to determine the financial ability of the father to pay for the care and support of the boy by the school, nor ever demanded payment from the father therefor. The overseers of the poor contend that Ralph Lumbert is financially able to pay for the care and support of his son in the school, but has refused to reimburse the town for such care and support, the charge for which amounts to $294.

It is the contention of the defendant that G. L. c. 121, § 31, as amended by St. 1924, c. 344, relied on by the plaintiff, does not obligate the town to pay for the support of a boy having a settlement therein who has kindred bound by law and financially able to maintain him; and that "If the statute means that the taxpayers of a town may be compelled to support a boy whose father is of sufficient means to support him, the statute is unconstitutional."

G. L. c. 121, § 31, as amended by St. 1924, c. 344, reads in part as follows: "The charges for the support of the children of the school who are of sufficient ability to pay for the same, or have persons or kindred bound by law to maintain them, shall be paid by such children, such persons or such kindred at a rate determined by the trustees. The board of such chil-

dren as have a legal settlement in a town shall be paid by the town at a rate not exceeding six dollars a week . . . ." It will be observed from the provisions of the statute that the liabilities for the support of children in the school are not identical. Where children are of sufficient ability to pay for their "support" or have persons or kindred bound by law to maintain them, then the charges shall be paid by such children, or by such persons or kindred. The statutory liability of towns on account of children in the school is limited to charges for "board" of such children as have a legal settlement in a town. The liability for the support of children is of much broader signification than is the liability for mere board. See *Gould* v. *Lawrence,* 160 Mass. 232. The rights and liabilities provided for in the statute are not inconsistent; they are definite and unconditional. It cannot be doubted that the Legislature has power to place upon municipalities charges for the care of persons supported at public expense. *Bradford* v. *Worcester,* 184 Mass. 557, 561. *Treasurer & Receiver General* v. *Newton,* 227 Mass. 88. The case last cited was brought under St. 1907, c. 474, § 10, as amended by St. 1912, c. 17, which contains provisions similar to those in G. L. c. 121, § 31, as amended. The plaintiff there sought to recover charges for the support of an inmate of a State institution, and it was said by DeCourcy, J., at page 92: "In short, so far as the express provisions of the statute indicate, the Legislature intended to make the liability for the support of each inmate absolute. And it is not disputed that the Legislature has power to place upon municipalities charges for the care of persons supported at public expense." The Legislature may, and not infrequently has, imposed a liability for the support of persons who are inmates of State institutions upon the inmate and those by law bound to support him and a town where the inmate has a settlement. See G. L. c. 111, § 66; c. 122, §§ 10, 11. *Arlington* v. *Lyons,* 131 Mass. 328. There is no language in the statute which makes the different liabilities dependent in any way one upon the other, nor can they be so construed by implication. The absence of limitation or condition upon the rights and liabilities therein set forth plainly shows that

they are to be construed to be concurrent and independent of each other.

The contention of the defendant that, as the father of the boy is financially able to support him, the taxable inhabitants cannot constitutionally be held liable for such support cannot be sustained. Where the ultimate liability rests, whether upon the town or upon the father, is not involved in the present action and no opinion is expressed on that point. Cases cited by the defendant holding that the statutes therein construed were beyond the scope of legislative power are clearly distinguishable from the case at bar. *Lowell* v. *Boston*, 111 Mass. 454. *Mead* v. *Acton*, 139 Mass. 341. As the instant statute imposes an absolute liability on the kindred of the child for his support if they are bound by law to maintain him, the question of the financial ability of the father or other kindred is immaterial.

The liability of the town upon the facts disclosed by this record is absolute and unconditional. If it had been the intention of the Legislature that the father or other kindred should be liable only if of sufficient ability to pay, as was provided in G. L. c. 111, § 116, it would undoubtedly have said so. As it is manifest that G. L. c. 121, § 31, as amended, is not violative of the organic law of the Commonwealth and gives an absolute and independent right and is not conditioned upon or limited by the fact that the inmate of the school has kindred who are of sufficient ability to pay for his support, the right of the Commonwealth to maintain an action in the name of the Treasurer and Receiver General against the town in which the inmate has a settlement cannot be doubted.

The *ad damnum* of the writ is in an amount less than the judgment to which the plaintiff is entitled; if an amendment is allowed in the Superior Court increasing the *ad damnum* to a sum sufficient to cover the amount due, including costs, judgment is to be entered for the plaintiff in the sum of $294, otherwise judgment is to be entered on the *ad damnum* of the writ.

*So ordered.*