## TREASURER AND RECEIVER GENERAL *vs.* TOWN OF DEDHAM.

Suffolk.    December 8, 1937. — May 24, 1938.

Present: RUGG, C.J., FIELD, LUMMUS, QUA, & COX, JJ.

*Settlement. Massachusetts Hospital School. Statute*, Amendment. *Words*, "Public relief."

The words "public relief," as used in St. 1928, c. 155, § 9, include payment by a town for the board of a child in the Massachusetts Hospital School maintained under G. L. (Ter. Ed.) c. 121, §§ 28–37.

St. 1928, c. 155, amending the laws relating to pauper relief, did not change the rule of law, arising by implication from the provisions of G. L. c. 116, §§ 2, 3, 4, that persons, while receiving public relief in the forms therein described, should not be in process of acquiring a new settlement.

While payments' were being made by a municipality for board in the Massachusetts Hospital School of a child of one who, three years before the payments began, had moved to another municipality, a new settlement could not be acquired in the second municipality; and the second municipality was not liable for board of the child within five years after the first municipality ceased such payments.

CONTRACT. Writ in the Superior Court dated April 3, 1931.

The case was reported by *Greenhalge*, J.

*R. Clapp*, Assistant Attorney General, for the plaintiff.

*W. H. Hitchcock*, Town Counsel, for the defendant.

RUGG, C.J.    This is an action of contract under G. L. (Ter. Ed.) c. 121, § 31, to recover from the town of Ded-

ham for the board of one Elizabeth J. Turner, an inmate
of the Massachusetts Hospital School. That school. is
maintained under G. L. (Ter. Ed.) c. 121, §§ 28–37. The
case was submitted to the trial judge upon an agreed state-
ment of facts. Without decision, the case was reported for
the determination of this court. *Frati* v. *Jannini*, 226
Mass. 430. The facts are these: Elizabeth J. Turner is
the daughter of Earl S. and Ethel Turner. She had a legal
settlement in Somerville derived from her parents. On
September 28, 1923, her parents removed from Somerville
to Dedham, where they have since resided. The daugh-
ter, when eleven years old and while living in Dedham, was
admitted to the Massachusetts Hospital School on Novem-
ber 14, 1926, and has been continuously an inmate therein
since that time. The city of Somerville paid for her board
at that institution from her admission until April, 1929.
The latter date was more than five years from the time of
the removal of her parents from Somerville to Dedham.
Her parents resided in Dedham for more than five years
prior to April, 1929. The amount sought to be recovered
is board for thirty-one and three quarters weeks at $6 per
week.

The question at issue is whether the payment of the
board of Elizabeth J. Turner by the city of Somerville pre-
vented her father from acquiring a settlement in Dedham
through continuous residence in that town during the five-
year period from September 28, 1923, to September 28,
1928, and thus prevented her from acquiring a derivative
settlement through him in that town. Regulations gov-
erning legal settlements are entirely statutory. *Dedham*
v. *Milton*, 136 Mass. 424. The general law as to the
acquisition of settlements during that period and to the
present time was that "each person who after reaching the
age of twenty-one has resided in any town within the com-
monwealth for five consecutive years shall thereby acquire
a settlement in such town," and that "Legitimate children
shall follow and have the settlement of their father if he
has one within the commonwealth . . . ." G. L. (Ter. Ed.)
c. 116, § 1, First, Third. If her father acquired a legal

settlement in Dedham by such residence, the daughter obtained a derivative settlement through him. *Treasurer & Receiver General* v. *Boston,* 255 Mass. 499, 504, 506. It becomes necessary to examine the relevant statutes in force during that five-year period. It was provided by G. L. c. 121, § 31, respecting the Massachusetts Hospital School, that "The charges for the support of the children of the school who are of sufficient ability to pay for the same, or have persons or kindred bound by law to maintain them, shall be paid by such children, such persons or such kindred . . . . The board of such children as have a legal settlement in a town shall be paid by the town . . . . The charges paid . . . by any town, shall not be deemed to have been paid as state or pauper aid, and no person shall be deemed a pauper because of his inability to pay for the support of a child in said school. . . ." The charge for board was fixed by St. 1924, c. 344, at $6 a week. It was provided by G. L. c. 116, § 2: "No person shall acquire a settlement, or be in process of acquiring a settlement, while receiving relief as a pauper, unless, within two years after receiving such relief, he tenders reimbursement of the cost thereof . . . to the town furnishing it." It was specified by § 3 of G. L. c. 116, that persons receiving certain other classes of aid, such as that to mothers with dependent children, under G. L. c. 118, and that arising in consequence of diseases dangerous to the public health, should not acquire or be in process of acquiring a settlement while receiving such aid, although the recipient of such aid was not to be deemed a pauper. Provision was made by § 4 of G. L. c. 116, concerning aid afforded to one by reason of the commitment of a relative to a State hospital or institution of charity, where the recipient of such aid was unable to bear the expense of maintaining the relative in such institution. The Massachusetts Hospital School is comprised within this description. It was here provided that, in such circumstances, "nothing herein shall be construed to affect, directly or indirectly, settlement, poor, or pauper laws, or laws under which any charity, aid or assistance is furnished by public authority." These words carry

the implication that persons receiving aid of this nature, though not to be called paupers, shall not be in process of acquiring a new settlement and that no new obligations of support shall spring into being on the part of any town with respect to them. Otherwise, the words have no meaning.

These three sections as a whole and in their context make it plain that no person shall acquire, or be in process of acquiring, a settlement while receiving these various forms of public relief. It is not necessary to trace the history of these several sections. They were gathered together in the compilation of the General Laws in 1921. They were in force when Elizabeth J. Turner was admitted to the hospital school in 1926, and up to February 1, 1929. See St. 1928, c. 155, §§ 9, 39, 59. The broad principle was declared by G. L. c. 116, §§ 2, 3, and 4, that persons, while receiving public relief in these various forms, should not be in process of acquiring a new settlement. It is plain that, if a statute of that precise tenor were in force, it would prevent the acquisition of a settlement by the father of Elizabeth J. Turner in Dedham during the five-year period here in question. *Oakham* v. *Sutton*, 13 Met. 192, 196. *Needham* v. *Fitchburg*, 237 Mass. 354. The fact that one of his children and not the father received the relief is an immaterial circumstance. *Taunton* v. *Middleborough*, 12 Met. 35, 38, 39. *Somerville* v. *Commonwealth*, 225 Mass. 589, 592.

There was no change in the statutes purporting to affect the case at bar until the enactment of St. 1928, c. 155, §§ 9, 39, 59. It was provided by said § 59 that the act should be operative on February 1, 1929. It is apparent, from a study of the history and language of this chapter, that it was not intended to change the substance or effect of any of the statutes then in force respecting relief. It was based upon recommendations of the commissioner of public welfare made to the General Court and printed as Legislative Document, House 173, of 1928. It deals mainly with nomenclature. Its title is "An Act to eliminate from the relief laws the word 'pauper'." It struck out the word "pauper" from the laws relating to

poor relief, substituted "infirmary" for "almshouse," and changed the name "overseers of the poor" to the "board of public welfare." By its § 9, "relief as a pauper" was changed to "public relief." These changes rendered §§ 3 and 4 of G. L. c. 116, unnecessary and they were in large part repealed. St. 1928, c. 155, §§ 10, 11. That statute wrought no change in the substance of the statutes governing the case at bar. Said c. 155 is to be regarded as a legislative interpretation of the statutes in force prior to its enactment. "Public relief" is a term broad enough to embrace the payment by a town of the board of an inmate of the hospital school. Those statutes prevented the father of Elizabeth J. Turner from acquiring a settlement in Dedham because of the public relief which he was receiving through payment by the city of Somerville of the board of his daughter at the Massachusetts Hospital School. The earlier statutes have the same force and meaning, so far as concerns the case at bar, as the provisions of St. 1928, c. 155. The terms of G. L. c. 116, § 4, refer to the kind of public relief afforded to Elizabeth J. Turner and her father through the payment of her board at the hospital school by the city of Somerville and in substance declare that, while receiving such relief, they could not be in process of obtaining a settlement in Dedham. The result is that no settlement was acquired by the father by continuous residence in Dedham for five years from September, 1923, to September, 1928, because of the public relief paid by the city of Somerville for the board of Elizabeth J. Turner at the hospital school.

There is nothing in the decision in *Treasurer & Receiver General* v. *Bourne*, 275 Mass. 313, at variance with the conclusion here reached.

*Judgment for defendant.*