## Monroe County Commissioners' Petition

*A. Greenwald Gearhart,* for Monroe County Institution District.

*Harold C. Edwards,* for Pike County Institution District.

SHULL, P. J., December 11, 1939.—On June 6, 1938, a petition was presented to this court, praying for a citation directed to C. Ross Rosencrance, John W. Hornbeck, and Byron J. Rohrbacker, Commissioners of Pike County, acting as executive and administrative officers of Pike County Institution District, Pa., to appear before this court and show cause why an order should not be issued for the removal of Albert, Henry, George, and Carlton

Stark into such institution district as is their legal place of settlement.

From this petition, answer, and other evidence in this case, we find the following facts:

1. James Stark came to reside in Monroe County in 1919; maintained no home of his own for a period of one and one half years, but boarded in Monroe County and was self-supporting.

2. At the end of that period, he married and lived in Monroe County, maintaining a home for himself and family.

3. Relief was furnished to James Stark and his family first in November 1932, which continued until October 21, 1933; again, from February 9, 1934, relief was furnished to him and his family until April 6, 1934; again, from August 3, 1934, relief was furnished until August 17, 1934; and again, relief was furnished in October 1934, for Stark and his family, and continued until July 26, 1935, during all of which time the settlement of James Stark was the County of Monroe.

4. In August 1935, James Stark left Monroe County and went to the State of New Jersey where he remained until March 1936, during which period the four children named, being minors under 16, were supported by the County of Monroe.

5. In March 1936, James Stark went to Pike County, Pa., and was employed by Russell Lowe at a wage of $10 per month, room and board. This was later increased to $15 a month, room and board, and for the last four months of the period of 11 months, which he worked for Russell Lowe, he received $20 per month with room and board.

6. James Stark, while in the employ of Russell Lowe, resided in Pike County from March until October and in Wayne County from October to January 1, 1937.

7. James Stark left the employ of Russell Lowe on January 1, 1937, returned to the County of Pike and entered the employ of Russell VanBuskirk, of Panther, Pike

County, Pa., and received $20 per month with room and board, living at the home of Russell VanBuskirk in Pike County until October 1938.

8. From the middle of October 1938, to March 15, 1939, Stark worked for VanBuskirk but lived in Lackawanna County, first at Scranton and then at Austin Heights.

9. From March 15, 1939, Stark lived in a lumber camp in Hale Eddy, in Wayne County, Pa.

10. On July 15, 1935, the said minor children of James Stark were committed to the custody of the Children's Aid Society of Monroe County and have, from that time down to the present time, been maintained by Monroe County, Pa.

11. The Monroe County Poor District first made demand on Pike County for removal of the children from Monroe County to the County of Pike on October 26, 1937, and next made a demand for the removal of the children on February 18, 1938, and again made a demand on April 26, 1938.

12. The petition for citation was filed on June 6, 1938.

The question here involved is the place of legal settlement of James Stark, for responsibility for the support of these children devolves upon the place of settlement of their father, James Stark.

That James Stark resided in Pike County and was self-supporting, so far as his own personal livelihood is concerned, for more than one year, to wit, January 1, 1937, to October 1938, is not in dispute. The evidence discloses that at the time James Stark left Monroe County, where he had a legal settlement, he was a public charge, as also were his minor children. Leaving Monroe County with a personal status, as well as the status of his minor children, that of a public charge, he went to the State of New Jersey, where he remained from August 1935 to March 1936, and, so far as the record discloses, was self-supporting, though his children continued to be public

charges upon the County of Monroe, he contributing nothing toward their support. In March 1936, he came to Pennsylvania from New Jersey, living with Russell Lowe a part of the time in Pike County and a part of the time in Wayne County. In January 1937, he was employed by Russell VanBuskirk and lived at the home of Russell VanBuskirk in Pike County until October 1938, during which period of one year and nine or ten months, so far as Stark was individually concerned, he was self-supporting, but during the entire time his minor children continued to be a public charge and were supported by the County of Monroe.

The question confronting us in this case is this: "When is a person a public charge as contemplated by the law of Pennsylvania?"

Is the status of an individual, who, under the law, is subject to the duty of providing maintenance for his minor children, determined as to whether or not he be considered a public charge by whether he provides for his individual livelihood or whether he provides for the livelihood of himself and his minor children under 16 years of age who are unable to provide a livelihood for themselves? In other words, if a father of minor children under the age of 16 provides a livelihood for himself alone, while the livelihood of the children is provided from public funds, is he a public charge within the meaning of the County Institution District Law of June 24, 1937, P. L. 2017? When James Stark left Monroe County, he was a public charge. Both he and his children were being supported by public funds. Would his status change because he managed to eke out a meager livelihood for himself but never relieved public funds, either in whole or in part, from the burden of supporting his minor children? It does not seem to us that, by assuming a part of the burden that the law places upon him relative to the support of himself and minor children, his status is changed.

The situation raises the question whether one, who is the father of minor children under 16 years of age and

who is a public charge to the extent that both he and his children are maintained from public funds, by removing from the district, in which he has a settlement and which is maintaining both him and his family, to another district, where he resides for more than one year, earning a meager livelihood for himself alone and insufficient to support said minors, who contributes nothing toward their support, can thus acquire a settlement and thereby shift the burden of supporting his children upon the poor district to which he has removed. This involves a construction of the words "public charge" and "pauper", as used in the County Institution District Law of 1937, supra. If the term "pauper" or "public charge" is determined on the basis that a person, though the father of minors under 16 years of age, may strip himself of the legal duty of supporting his minor children, earn enough to barely maintain himself and leave the burden of supporting his family to public funds, then, in the eyes of the law, he is not a public charge and may shift the burden of supporting these children from Monroe County to Pike County by merely living within that county and supporting himself; but, should the test be whether or not James Stark has met the burden of support and maintenance which the law places upon him, he was, at the time he went to Pike County, and now is a public charge. Should the first construction be accepted, we can see where many inequities and injustices would result and cannot see that any particular good could result; but, under the latter construction, each poor district would have protection against having imposed upon it the burden of maintaining families which equitably were the burden of another poor district; and further, it is our view that when the law makes provision relative to a person, the person contemplated and in the eyes of the law is not a mere human being, but a being carrying the burden and enjoying the privileges that the law gives to individuals living under its government. It is our view that one who has a settle-

ment in a poor district and becomes a public charge, to the extent that both he and his minor children under the age of 16 are being supported by public funds, continues to be a public charge so long as he or any one of such minor children is supported by public funds and, therefore, cannot, under the provisions of the County Institution District Law of 1937, acquire a settlement in any other poor district in this Commonwealth. Even though our view relative to acquiring a settlement were otherwise, we cannot feel that the mere fact that James Stark lived in Pike County for considerably more than a year, that he registered in Pike County in 1938 as a voter at a time after the presentation of this petition and that he paid taxes in 1938, when considered with the manner in which he lived, the nature of his employment which at times took him into other counties, and his own persistent statements that he "never intended to make Pike County his home or to set up a home in Pike County", which is to some degree corroborated by his statements at various times to his employer that he was "going down home" when he came to Stroudsburg, Monroe County, where his mother resided, is sufficient to warrant us in finding that his place of settlement is Pike County.

As we view it, under all the facts here, not only was his settlement in Monroe County from 1919 to 1935, which is not disputed, inasmuch as his testimony discloses that he had not gone to Pike County with the intention of inhabiting that county, but Monroe County continued to be and is his place of last settlement and was such at the date of this petition and citation.

And now, December 11, 1939, citation to show cause why an order should not be issued for the removal of the said Albert, Henry, George, and Carlton Stark into such institution district as is their legal place of settlement is dismissed at the cost of petitioners.