MILWAUKEE COUNTY, Appellant, vs. WAUKESHA COUNTY, Respondent.

*November 6—December 3, 1940.*

For the appellant there was a brief by *Herbert J. Steffes,* district attorney of Milwaukee county, *O. L. O'Boyle,* corporation counsel, and *Henry S. Reuss,* assistant corporation counsel, and oral argument by *Mr. Reuss.*

For the respondent there was a brief by *Scott Lowry,* district attorney of Waukesha county, and *Howard M. Kalupske,* assistant district attorney, and oral argument by *Mr. Kalupske.*

FAIRCHILD, J.   The holding by the industrial commission that the mother of the minor on relief had gained a legal settlement in Milwaukee county cannot be sustained when the statutes governing the situation are properly construed. It is undisputed that at the time the mother first secured dependent children's aid she had a legal settlement in the city of Waukesha.   It follows, as a matter of law, from sec. 49.02 (2), Stats., that her settlement determines the settlement of the children including the minor who was relieved by Milwaukee county.   Sec. 49.02 (4), Stats., reads in part:

"Every person of full age who shall have resided in any town, village or city in this state one whole year shall thereby gain a settlement therein; but no residence of a person in any town, village or city *while supported therein as a pauper* . . . shall operate to give such person a settlement therein."

Sec. 48.33 (5) (b), Stats., reads in part:

"Such child must have a legal settlement in the county in which application is made for aid."

The family in question lived in Waukesha when the father died on August 22, 1934. The widow and three of her minor children were given direct relief by Waukesha county from 1934 to August, 1936, when the mother applied for dependent children's aid under sec. 48.33, Stats. It was granted. On September 1, 1936, the family moved to Milwaukee. Waukesha county continued to pay the dependent children's aid until September, 1937. Thereafter Milwaukee county made contributions in the form of dependent children's aid until December, 1937, when the family moved to Racine county. Before a full year had elapsed, and in the summer of 1938, the minor involved in this case returned to Milwaukee county and was granted direct outdoor relief. Recovery of the amount so expended by Milwaukee county is sought on the ground that neither the mother nor the children have acquired a legal settlement in Milwaukee county due to the fact that the mother had not lived in that county for more than a year without receiving "support . . . as a pauper."

Waukesha county denies liability and urges that ch. 48, Stats., in which dependent children's aid is provided for is a matter separate and distinct from ch. 49 which deals with poor relief, and that public contributions to children in the form of dependent children's aid does not interfere with the gaining of a legal settlement.

The question is whether aid in the form of a mother's pension or dependent children's aid prevents a mother, responsible for the support of her children, from gaining a new legal settlement.

The trial court was of the opinion that this aid was of such a nature that it was not affected by the laws regulating legal settlements, but the conclusion that such aid is not the public relief usually styled pauper relief cannot be sustained. Sec. 48.33, Stats., requires that the child receiving aid must have a legal settlement in the county in which application is made for such aid. A grant of dependent children's aid constitutes public relief to the parent responsible for the support of the children. While receiving such public aid the parent so responsible for the support of the children cannot gain a legal settlement in a new and different community from that in which he or she had legal settlement when the aid was extended. One legal settlement is sufficient for the purposes of relief and that settlement does not change until a year's residence somewhere else, without public aid, has been completed. *Milwaukee County v. Oconto County,* 235 Wis. 601, 294 N. W. 11; *Madison v. Dane County, ante,* p. .145, 294 N. W. 544.

Since leaving Waukesha the mother has never lived a full year anywhere else without public aid, and has therefore gained no new legal settlement. The minor derives his legal settlement from his mother, so his relief likewise is chargeable to Waukesha county.

Dependent children's aid may be granted only on a showing that dependency upon the public for support exists. The legislative intent that the head of a family must be indigent before such public aid as is here involved can rightfully be granted, is further shown by the wording of parts of ch. 48, Stats.

Sec. 48.33 (5) (d), Stats., reads:

"Aid shall be granted to the mother . . . *who is dependent upon the public.* . . ."

Sub (6) reads:

". . . Aid pursuant to this section shall be the only form of *public assistance granted to the family* for the benefit of such child. . . ."

And sub. (7) reads:

"Aid may be granted . . . to a father . . . *who is physically incapacitated for gainful employment* but capable of caring for a dependent child in his home. . . ."

These quoted portions also indicate that such assistance is aid to the family. The evidence in this case very clearly indicates that the mother was an indigent and dependent upon the public for support during the times material to this inquiry. The term "legal settlement" as used in sec. 49.02, Stats., and as used in the sentence quoted from sec. 48.33 (5) (b), are the same and are to be determined by the terms and conditions imposed by the general laws upon the subject as stated in sec. 49.02. *Milwaukee County v. Oconto County, supra.*

Hence direct relief, mother's pensions, or dependent children's aid when given because of the dependency of the parent upon the public for support is public assistance directly assisting the parent in the discharge of a legal duty to support the children and brings the allowance thereof within the terms of the statutes governing assistance to paupers. The granting of such relief prevents the gaining of a new legal settlement, which in this case means the settlement of the mother and her minor children remains in Waukesha county.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment reversing the findings and order of the industrial commission, and for further proceedings according to law.