JEFFERSON COUNTY, Respondent, vs. DODGE COUNTY, Appellant.

*November 6—December 3, 1940.*

For the appellant there was a brief by *Clarence G. Traeger,* district attorney of Dodge county, and *George A. Hartman* of Juneau, attorneys, and *Wilkie, Toebaas, Hart, Kraege & Jackman* of Madison of counsel, and oral argument by *W. E. Torkelson* of Madison.

For the respondent there was a brief by *William H. Rogers,* district attorney of Jefferson county, and *Lynn H. Smith* of Jefferson of counsel, and oral argument by *Mr. Rogers.*

FAIRCHILD, J.   This is a poor-relief case involving questions of place of legal settlement and whether public aid in the form of mother's pension under sec. 48.33, Stats., constitutes support as a pauper.   If so, then its receipt prevented the acquiring of a new legal settlement in Dodge county.

This case is controlled by the decision in *Milwaukee County v. Waukesha County, ante,* p. 233, 294 N. W. 835. The difference between the cases is one of fact.   Here the father is alive but unable to support his family.   In the other case the father was dead.   The ruling in that case that sustenance in the form of dependent children's aid constitutes support as a pauper and prevents the gaining of a new legal settlement, applies here.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment reversing the findings and order of the industrial commission and for further proceedings according to law.