CITY OF WORCESTER *vs.* CITY OF SPRINGFIELD
(and two companion cases between the same parties).

Worcester.    September 23, 1941. — October 31, 1941.

Present: FIELD, C.J., QUA, DOLAN, COX, & RONAN, JJ.

*Settlement. Needy Person. Public Welfare. Municipal Corporations,*
Public welfare.  *Statute,* Construction.

A statute is to be interpreted with reference to preëxisting law.
The facts, that a man's dependents, from whom he lived apart in another
   municipality for five consecutive years, received welfare aid from mu-
   nicipalities where they resided and that there had been no reimburse-
   ment therefor, did not prevent his gaining a settlement in the munici-
   pality of his residence under G. L. (Ter. Ed.) c. 116, § 1, First, if he
   did not know that such aid was given.

THREE ACTIONS OF CONTRACT. Writs in the Superior
Court dated, respectively, July 29, 1937, May 31, 1938, and
June 24, 1939.

The cases were heard together by *Donnelly,* J., who found
for the plaintiff in the sums, respectively, of $743.07, $221.60,
and $283.80.

*C. D. Sloan,* Assistant City Solicitor, for the defendant.

*A. M. Hillman,* Assistant City Solicitor, (*W. D. Allen,*
City Solicitor, with him,) for the plaintiff.

RONAN, J. These are three actions of contract to recover
sums paid by the plaintiff for the support of the wife and
minor children of one Laurie, during different periods of
time between July 5, 1935, and June 30, 1938, on the ground
that Laurie during these periods had a settlement in the
defendant city. The cases were referred to an auditor who
found for the plaintiff. The actions were then tried upon
the reports of the auditor together with other evidence.
The parties stipulated as to the amount of damages in each
case if the plaintiff was entitled to recover and the judge
found for the plaintiff in these respective amounts. The
only issue raised is the settlement of Laurie at the time

relief was granted. The defendant excepted to the refusal of the judge to grant its requests for rulings.

There was evidence that Laurie, since his marriage in Worcester in 1910, continued to live there with his wife and children until he deserted them on February 8, 1917, by going to Springfield, where he resided until he was inducted into the military service of the United States on September 22, 1917. He remained in Springfield between February 8, 1917, and September 22, 1917, except upon four occasions when he returned to Worcester, twice to answer complaints for nonsupport to which he pleaded guilty, once to attend a funeral, and once to work there for a few days. Shortly after he received an honorable discharge from the military service, he went to Vermont in October, 1919, where he was employed until October, 1925, when he returned and has since resided in Springfield. He has paid a poll tax each year since 1926 to Springfield and has voted in that city. His wife has always resided in Worcester. The judge found that Laurie was actually residing in Springfield when he was inducted into the military service on September 22, 1917; that he acquired a new settlement in Springfield in October, 1930; and that he did not know that any of his dependents were receiving aid from either the plaintiff or the defendant during the five years prior to October, 1930.

The defendant contends that the finding that Laurie actually resided in Springfield at the time he entered the army was unwarranted but that, if this finding was correct, then Laurie lost his settlement in Springfield by establishing his domicil in Vermont and his dependents likewise lost any settlement in Springfield, and finally, that Laurie did not acquire a new settlement in Springfield in October, 1930, because from 1925 to 1930 his wife and children were receiving aid from the city of Worcester.

We need not decide these various contentions, for the defendant properly concedes that the finding that Laurie acquired a new settlement in Springfield in 1930 is decisive if it was warranted by the evidence. The auditor found that he had resided in Springfield and had his domicil in

that city since October, 1925.   Indeed, it seems to be un-
disputed that Laurie has resided in that city since that date,
and the finding to that effect cannot be said to be unsup-
ported by the evidence.   That finding must stand.   *Grau-
stein* v. *H. P. Hood & Sons, Inc.* 293 Mass. 207.   *Howard*
v. *Malden Savings Bank,* 300 Mass. 208.   *Federal National
Bank of Boston* v. *O'Connell,* 305 Mass. 559.   And the fur-
ther finding that Laurie thereby acquired a settlement in
Springfield in October, 1930, was correct because, by virtue
of the statutory provision that now appears as G. L. (Ter.
Ed.) c. 116, § 1, First, he obtained a settlement in Spring-
field by his residence there for five consecutive years.   The
settlement of the wife and children followed that of Laurie.
See now G. L. (Ter. Ed.) c. 116, § 1, Second, Third.   The
settlement of Laurie and his family being in Springfield at
the times during which expenses were incurred by the plain-
tiff for the support of his wife and minor children, the
plaintiff is entitled to be reimbursed by the defendant.
*Marlborough* v. *Lynn,* 275 Mass. 394.   *Cambridge* v. *West
Springfield,* 303 Mass. 63.   *Waltham* v. *Newton,* 306 Mass. 59.

The defendant urges that the receipt of aid by Laurie's
daughter from Springfield and the receipt of aid by his wife
and children from Worcester prevented Laurie from gain-
ing a settlement in Springfield at any time after his return
from Vermont in 1925.   It is true that a person cannot gain
a settlement by residence in a town for the statutory period
if he has during said period accepted relief either from that
town or from some other town, unless he has reimbursed
the town that furnished it, and he is also barred if, upon his
request or with his knowledge, such relief was furnished to
his dependents.   *Taunton* v. *Middleborough,* 12 Met. 35.
*Oakham* v. *Sutton,* 13 Met. 192.   *Charlestown* v. *Groveland,*
15 Gray, 15.   *Treasurer & Receiver General* v. *Dedham,* 300
Mass. 238.   But it is also true that one is not prevented
from securing a settlement on account of relief furnished
without his knowledge to his wife or minor or dependent
children.   *Berkeley* v. *Taunton,* 19 Pick. 480.   *Wareham* v.
*Milford,* 105 Mass. 293.

The defendant contends that the last two decisions are no

longer law in view of the subsequent legislation commencing with St. 1874, c. 274, § 4, and St. 1879, c. 242, § 1, and appearing in its present form in G. L. (Ter. Ed.) c. 116, § 2 (as revised by St. 1933, c. 213). Under these statutes the receipt of public relief by one or by his dependents with his knowledge will prevent him from acquiring a settlement unless he tenders reimbursement of its costs to the Commonwealth or the town that provided the relief. *Treasurer & Receiver General* v. *Dedham,* 300 Mass. 238. A statute is to be construed with reference to the preëxisting law, *Walsh* v. *Commissioners of Civil Service,* 300 Mass. 244, 246, and the Legislature must be presumed to have been familiar with decisions of this court holding that knowledge of the furnishing of relief to his dependents was necessary to prevent a man from gaining a settlement. *Boston* v. *A. W. Perry, Inc.* 304 Mass. 18. We are not unmindful of the marked beneficent public attitude toward those receiving public aid and the strong legislative trend toward the elimination of the disabilities usually incurred by the receipt of public assistance. If the Legislature intended that furnishing aid to a man's dependents would alone be sufficient to prevent him from gaining a settlement, it would have been easy to express that purpose in apt language. *Devney's Case,* 223 Mass. 270. In the absence of such language, it cannot be held that such statutes were intended to change the law as it previously stood and to bar one from gaining a settlement who did not know of the furnishing of public relief to his dependents. *Zoulalian* v. *New England Sanatorium & Benevolent Association,* 230 Mass. 102. *Commonwealth* v. *Welosky,* 276 Mass. 398. *Frye* v. *School Committee of Leicester,* 300 Mass. 537. *Commissioner of Corporations & Taxation* v. *Bristol County Kennel Club, Inc.* 301 Mass. 27. *Commissioner of Corporations & Taxation* v. *Dalton,* 304 Mass. 147.

*Exceptions overruled.*