TREASURER AND RECEIVER GENERAL *vs.* TOWN OF
NATICK.

Suffolk.  December 2, 1946.— January 31, 1947.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, & RONAN, JJ.

*Settlement. Soldiers' Relief. Military Aid. Needy Person. Public Wel-
fare. Massachusetts Hospital School.*

Support of a minor child in Massachusetts Hospital School, paid for by
the public welfare department of a city, was public relief received by
the child's father and, under G. L. (Ter. Ed.) c. 116, § 2, as appearing
in St. 1933, c. 213, such support of the child prevented the father's
absence from the city for five consecutive years from resulting under
§ 5 in loss of a settlement which he had in the city.

The provisions of G. L. (Ter. Ed.) c. 116, § 4, did not apply to a former
soldier who was of sufficient financial ability to pay for support of his
child in Massachusetts Hospital School and for maintenance of him-
self and his family, notwithstanding the fact that he permitted the
child's support in the school to be paid for by the welfare department
of a municipality.

CONTRACT.  Writ in the Superior Court dated May 15,
1944.

The case was reported to this court by *Warner,* J.

*B. H. Mullaney,* Assistant Attorney General, for the
plaintiff.

*A. B. Goodspeed,* Town Counsel, for the defendant.

DOLAN, J.  This action of contract is brought to recover
from the defendant for the support of a minor at the Massa-
chusetts Hospital School.  The case was heard by the judge,
sitting without a jury, upon a statement of agreed facts,
and comes before us on the report of the judge without
decision.

Joyce Connell, the minor daughter of Wilfred T. Connell
and his wife, at the age of four years was admitted to the
Massachusetts Hospital School at Canton on October 18,
1934, upon the written application of her mother.  Her
father was a veteran of World War I and was a resident of
the city of Medford at the time of his enlistment.  He re-

sided in Natick with his wife and family from June 19, 1932, up to the time the present action was brought. Joyce continued to be an inmate of the school until May 1, 1944. Although it is agreed that her father was of sufficient ability to pay for her support and maintenance and that of himself and his family, no demand was ever made upon him by the Commonwealth for reimbursement for the child's support; and when the defendant denied responsibility for her support on May 10, 1940, her father made known his ability to pay the charges therefor. He had never applied to the city of Medford or the defendant for any assistance under G. L. (Ter. Ed.) c. 115, and never received any aid thereunder. The child had no independent financial resources.

From the date of the child's admission to the school (October 18, 1934) until February 29, 1940, the charges for her board were billed to the city of Medford and were paid by its public welfare department under G. L. (Ter. Ed.) c. 117, as public relief. On May 8, 1940, the city of Medford notified the Commonwealth in writing that the "Connell family had lost its settlement in Medford." On May 10, 1940, the Commonwealth notified the defendant for the first time of the hospitalization of the child. The defendant denied responsibility for her board. The Commonwealth, contending that the father of the child acquired a settlement in the defendant town on June 19, 1937, seeks to recover from the defendant the charges for her board from that date to May 1, 1944. The issues presented are (1) whether the father of the child ever acquired a settlement in the defendant town; (2) if so, when he acquired it; and (3) how much, if anything, is due to the Commonwealth from the town for the board of the child. The determination of the first issue by us will dispose of the case, since we are of opinion that the child's father never acquired a settlement in the defendant town and that he never lost his settlement in the city of Medford.

The claim of the Commonwealth is based upon G. L. (Ter. Ed.) c. 121, § 31, which provides, so far as here material, as follows: "The trustees [of the Massachusetts Hospital School] may, upon written application of any child

entitled to receive the benefit of said school, or upon such application by a parent, guardian or person having the legal custody of the child, or by any state or municipal department, board or officer having such custody, admit such child to said school, subject to such rules and regulations as the trustees may prescribe, and the trustees may discharge such child from the school. The charges for the support of the children of the school who are of sufficient ability to pay for the same, or have persons or kindred bound by law to maintain them, shall be paid by such children, such persons or such kindred at a rate determined by the trustees. The board of such children as have a legal settlement in a town shall be paid by the town at a rate not exceeding six dollars a week, notice of the reception of the children by the trustees being given by them to the board of public welfare of the town as soon as practicable."

The settlement of the child Joyce was that of her father. G. L. (Ter. Ed.) c. 116, § 1, Third. *Treasurer & Receiver General* v. *Boston,* 255 Mass. 499, 504–506. Since her father resided in Medford at the time he enlisted for service in World War I, from which service he was honorably discharged, he gained a settlement in that city. G. L. (Ter. Ed.) c. 116, § 1, Fifth. *Dedham* v. *Newton, ante,* 391. That settlement would continue until he acquired a new settlement. G. L. (Ter. Ed.) c. 116, § 5. His settlement was in Medford when he moved to the defendant town, and was in Medford when Joyce was admitted to the hospital school. His settlement in that city never ceased because there was no five year period of his residence in the defendant town, where he has continued to live since moving into the town, during which he did not receive public relief. *Waltham* v. *Newton,* 306 Mass. 59, 61. G. L. (Ter. Ed.) c. 116, § 2, as appearing in St. 1933, c. 213. The support of his child at the school was public relief received by him. *Treasurer & Receiver General* v. *Dedham,* 300 Mass. 238, 242. See also *Treasurer & Receiver General* v. *Bourne,* 275 Mass. 313, 316.

We do not sustain the contention of the Commonwealth that the provisions of G. L. (Ter. Ed.) c. 116, § 4, apply in

the present case.  That statute provides as follows: "If a soldier or a dependent of a soldier eligible to receive military aid or soldiers' relief under chapter one hundred and fifteen receives aid or treatment in any hospital or other institution, such aid or treatment shall not have the effect of preventing or defeating the acquisition of a legal settlement."  That section is not applicable because the child's father was not eligible to receive military aid or soldiers' relief under c. 115.

The aid or relief provided for by G. L. (Ter. Ed.) c. 115 is of three types, State aid, military aid and soldiers' relief. By § 6 it is provided that the "recipient of state aid . . . shall be in such needy circumstances as to require public assistance . . . ."  Section 10 provides, so far as here pertinent, that the "recipient of military aid . . . First Class . . . shall be poor and indigent and, by reason of sickness or other physical disability, in such need as would entitle him to relief under chapter one hundred and seventeen." General Laws (Ter. Ed.) c. 117, § 1, as amended by St. 1934, c. 124, provides that "Every town shall relieve and support all poor and indigent persons lawfully settled therein whenever they stand in need thereof."   General Laws (Ter. Ed.) c. 115, § 17 ("Soldiers' relief"), as amended by St. 1939, c. 295, provides, so far as here material, as follows: "If a person who served . . . in the army, navy or marine corps in the world war . . . and received an honorable discharge from all enlistments therein . . . becomes poor and wholly or partly unable to provide maintenance for himself, his wife or minor children under eighteen years of age or for a needy father or mother . . . such support as may be necessary shall be accorded to him or his said dependents or needy parents by the town where they or any of them have a legal settlement . . . ."

In the instant case, as before noted, it is agreed that the child's father was of sufficient financial ability to pay for her support and maintenance and that of himself and family.  It follows that he was not eligible to receive military aid or soldiers' relief under c. 115; that under the provisions of G. L. (Ter. Ed.) c. 116, § 2, as appearing in

St. 1933, c. 213, since there has not been any five year period since 1932 during which he did not receive public relief, he never acquired a settlement in the defendant town; that his settlement remained in the city of Medford throughout the period in question; and that the defendant is not liable for the support furnished to his daughter by the Commonwealth.

The entry will be

*Judgment for the defendant.*