## COUNTY OF GOODHUE v. RICE COUNTY.

160 N. W. (2d) 657.

August 2, 1968—No. 40,723.

*Francis H. Watson* and *Leonard T. Street,* for appellant.

*Herbert J. Cook,* Special County Attorney, for respondent.

Heard before Knutson, C. J., and Otis, Rogosheske, Sheran, and Peterson, JJ.

PETERSON, JUSTICE.

This action arises out of a dispute between Goodhue and Rice Counties as to the legal settlement of paupers under Minn. St. c. 261. The specific issue is whether the payment of public funds for the support of children who have been removed from the custody of the parents constitutes payment of such funds to the father so as to prevent him from acquiring a new legal settlement for poor-relief purposes.

The facts are stipulated. Theron Freeman and his wife are the parents of eight minor children. The Freemans resided at Dennison, Goodhue County, from August 1, 1958, to September 24, 1960, so that Goodhue County was admittedly the original county of legal settlement for poor-relief purposes. Theron Freeman was convicted of a felony and sentenced to the State Prison for a 3-year term commencing December 6, 1960. Meanwhile, on September 24, 1960, Mrs. Freeman moved to St. Cloud, in Stearns County. The Freeman children were placed in the legal custody of the Stearns County Welfare Department on March 7, 1963, and have resided in boarding homes since that date.[1] They were apparently abandoned by their mother at some time thereafter.[2] Theron Freeman was released from the State Prison on March 23, 1963, and has since lived continuously at Dundas, in Rice County. He contributed to the support of the children to the extent of $955 in 1963 and $530 in 1964, but otherwise the care and support of the children has been paid from public funds. The parents were divorced on January 25, 1965, but, except for noting

---

[1] The dispute between Goodhue and Rice Counties apparently involves a determination of which county is to pay the substantial expense of such care and custody. Stearns County is not itself a party to this action.

[2] It is stipulated, somewhat vaguely, that the mother "received General Relief or Aid to Dependent Children or both until April 4, 1964."

that the children were in the custody of the Stearns County Welfare Department, the judgment and decree made no mention of the children.

Goodhue County made application to the District Court of Goodhue County, pursuant to Minn. St. 261.08, to have it determined that Rice County, the present county of Theron Freeman's residence, was the legal settlement of subject paupers under the provision of § 261.07.[3] The district court held that Goodhue County was itself the legal settlement. We agree.[4]

Our state has, since territorial days, recognized the public responsibility for the relief of the poor, in addition to the private responsibility of near relatives of paupers.[5] The responsibility of a particular political subdivision is by statute determined on the basis of the pauper's legal settlement.

---

[3] Minn. St. 261.07 provides in part: "Subdivision 1. Every person except those hereinafter mentioned, who has resided one year continuously in any county, shall be deemed to have a settlement therein, if it has the county system; * * *.

"Subd. 2. The time during which a person has received * * * aid to dependent children, * * * and the time during the pendency of any suit to determine his legal poor settlement, and the time during which a person has been an inmate of a poorhouse, jail, prison or other public institution, * * * and each month during which he has received relief from the poor fund of any county or municipality or from funds supplied by the state * * *, shall be excluded in determining the time of residence hereunder.

"Subd. 3. Every minor not emancipated and settled in his own right * * * shall have the same settlement as the parent with whom he has resided. * * * Every minor not emancipated and settled in his own right and living apart from his parents and not supported by his parents shall, after receiving aid and support from others uninterruptedly for a period of one year, acquire the settlement of the person with whom he has resided for a period of not less than one year, * * *."

[4] Goodhue has appealed from the denial of its motion for a new trial.

[5] Minn. St. 261.01 now provides: "Every poor person who for any reason is unable to earn a livelihood shall be supported by his children, parents, brothers, and sisters, grandchildren or grandparents; and relatives having sufficient ability shall be called on for such support in the order above named; * * *."

Section 261.03 now provides: "When any such poor person has none of the relatives named in section 261.01, or they are not of sufficient ability, or refuse or fail, to support him, he shall receive such support or relief as

The concept of "legal settlement" for poor-relief purposes is not ordinarily the same as residence or domicile, however, but has special statutory meaning related to that political subdivision from which a dependent has a gained right to expect public support if need arises and is founded "upon the necessity of making some restriction upon the tendency of townships and counties to send their unfortunates beyond their limits and thus make them a charge upon some other community." Town of Louriston v. Commrs. of Swift County, 89 Minn. 91, 93, 93 N. W. 1052, 1053; County of Redwood v. City of Minneapolis, 126 Minn. 512, 148 N. W. 469.[6] Once legal settlement is acquired by uninterrupted residence for the period of time prescribed by statute, it may be lost or divested only under the limited conditions prescribed by statute.[7]

We conclude, construing Minn. St. 261.07 in harmony with these principles, that Theron Freeman has not acquired a new legal settlement other than Goodhue County notwithstanding his residence in Rice County subsequent to his release from the State Prison. It is conceded by Goodhue that the time spent by Theron Freeman in the State Prison was ineffective for any purpose in changing the county of his legal settlement. Minn. St. 261.07, subd. 2. We think, likewise, that the period of time that the children have been supported by public funds, including poor relief and aid to dependent children, must be excluded from the computation of residence in any county other than Goodhue. The relief funds used for the support of his children were in legal effect relief funds paid to him and used to discharge his continuing obligation as a parent. The months that his children have been supported in boarding homes in Stearns County

the case may require from the county, town, city, or village in which he has a settlement at the time of applying therefor, as hereinafter provided, * * *."

[6] See, also, In re Leslie, 166 Minn. 180, 207 N. W. 323; Town of Smiley v. Village of St. Hilaire, 183 Minn. 533, 237 N. W. 416; State ex rel. Timo v. Juvenile Court, 188 Minn. 125, 246 N. W. 544.

[7] In a controversy between two political subdivisions of the state as to which must furnish poor relief to a pauper, "there are no equities" because neither is to be blamed for the condition of the paupers. In re Settlement of Baalson, 211 Minn. 96, 98, 300 N. W. 204, 205. Substantial equity to all political subdivisions will in the long run be promoted by strict adherence to the statutory standards of legal settlement.

are "each month during which he has received relief from the poor fund of any county or municipality," and are to "be excluded in determining the time of residence hereunder" for gaining legal settlement in Rice County. Minn. St. 261.07, subd. 2.

There are no cases in this jurisdiction precisely in point. In re Settlement of Hanson, 206 Minn. 371, 288 N. W. 706, however, is close. We there held that wages received by an emancipated minor child for work on a WPA project, the wages being turned over to his family as a condition of receiving such work, prevented the family from acquiring a new legal settlement for poor-relief purposes. Although the facts are different in that the wages were received pursuant to an understanding that they could be used for family support, it nevertheless is consistent with the proposition that support to some member of the family is support to the head of the family.[8] Public responsibility for relief of the poor is but the alternative to the personal obligation of the parent or other close relatives to support their own.[9]

Affirmed.

---

[8] We have in other cases held that it is not necessary that relief funds shall be directly paid to the parent to be thereafter disbursed by him for the support of his family. Thiede v. Town of Scandia Valley, 217 Minn. 218, 14 N. W. (2d) 400, and In re Settlement of Youngquist, 203 Minn. 530, 282 N. W. 272.

[9] Although we construe our own statute, decisions in other jurisdictions with comparable poor-relief policy are persuasive to the same effect. In Stoecklein v. Priddy, 31 Ohio N. P. (N. S.) 369, 3 Ohio Supp. 297, the statute similarly provided that a person cannot acquire a new settlement while he is receiving relief. There, where the parent's minor children had been adjudged dependent and committed to a children's home, the court held that, because of the parent's legal obligation to support her minor children, such public support constituted poor relief to her, thus precluding her from establishing a new legal settlement. So also, it was held in Treasurer & Receiver General v. Town of Natick, 320 Mass. 715, 71 N. E. (2d) 225, that support by the state of a child in a state school was relief to the father, precluding him from acquiring a new settlement. See, also, In re Application of Scruton, 28 N. Y. S. (2d) 914, affirmed, 264 App. Div. 925, 36 N. Y. S. (2d) 435; Milwaukee County v. Waukesha County, 236 Wis. 233, 294 N. W. 835; Monroe County Commrs.' Petition, 37 Pa. D. & C. 591, 2 Monroe Legal Rptr. 35.